# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwight Marshall, :
                Petitioner :
                 :
        v. : No. 172 M.D. 2018
                 : Submitted: August 24, 2018
Pennsylvania Board of Probation :
and Parole, :
                Respondent :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

**OPINION**
**BY JUDGE SIMPSON**             **FILED: December 17, 2018**

Dwight Marshall (Marshall) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal. He challenges the Board's recommitment order that extended his maximum sentence date based on an out-of-state conviction, asserting the Pennsylvania crime used to discern the recommitment range was more severe. He also argues the Board abused its discretion in denying him credit for his time spent at liberty on parole and inadequately explaining its denial. We vacate the Board's order, and remand to the Board to explain its credit determination sufficiently to enable appellate review.

## I. Background

In 1998, Marshall was sentenced to 11 to 22 years in prison for murder in the third degree and robbery, with a maximum date of January 15, 2019. He obtained release on parole on March 3, 2008. Almost nine years later, as a result of a traffic stop in Delaware, Marshall was charged with multiple crimes related to his

possession of 200.49 grams of powder cocaine and 67.94 grams of crack cocaine. Specifically, a court in the State of Delaware, Kent County convicted Marshall for "DDEAL Tier 4 (F) Cocaine" under 16 Del. C. §4752, and it sentenced him to eight years, custody level 5. Certified Record (C.R.) at 17 (Sentence Order, 5/10/17). Delaware then extradited Marshall to serve his sentence in Pennsylvania.

The new conviction subjected Marshall to a parole revocation hearing. Marshall acknowledged his conviction, and signed a waiver of his right to a hearing. C.R. at 36. The parole revocation hearing report recommended "taking [his] street time" because Marshall "was on parole for Murder and was convicted of felony drug related crimes." C.R. at 35.

As a result of his out-of-state conviction, the Board recommitted Marshall to serve 24 months as a convicted parole violator (CPV). In determining the appropriate recommitment range, the Board determined that Marshall's Delaware conviction most closely related to the Pennsylvania crime of possession with intent to manufacture or deliver a controlled substance (cocaine) under Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act (Controlled Substance Act),[1] that carries a statutory maximum sentence of 10 years. 37 Pa. Code §75.1. Pursuant to 37 Pa. Code §75.2, the presumptive recommitment range for that new offense is 18 to 24 months. The Board did not award Marshall credit for his time spent at liberty on parole because of his "felony drug related crimes." C.R. at 49. Based on his conviction, the Board recalculated Marshall's maximum sentence date as April 29, 2028.

---

[1] Act of April 14, 1972, P.L. 233, as amended, 35 P.S. §780–113(a)(30).

2

Through counsel, Marshall filed an administrative appeal of the Board's recommitment order. The Board issued a decision, affirming and explaining the term of recommitment. Because it stated a reason for denying Marshall credit for his time spent at liberty on parole, the Board deemed moot his challenge to its exercise of discretion in its denial of credit. C.R. at 73.

Marshall filed a timely petition for review to this Court (Petition) seeking an order vacating the Board's decision and remanding to the Board to modify his recommitment using the appropriate range corresponding to his criminal conduct, possession of cocaine. He seeks credit for almost nine years spent at liberty on parole, and a recalculation of his maximum sentence date to reflect that credit.

## II. Discussion

On appeal,[2] Marshall asserts the Board violated his due process rights when it did not notify him, at the time he waived his revocation hearing, that a new maximum sentence date was a possible consequence. He challenges the Board's authority to alter his original maximum date beyond his judicially-imposed sentence. He also argues the Board applied an incorrect recommitment range corresponding to a more severe offense. Using the most closely related crime of possession, as opposed to possession with intent to distribute, he maintains the appropriate recommitment range was 3 to 6 months, not 18 to 24 months. In addition, Marshall contends the Board abused its discretion when it denied him credit for time spent at liberty on parole, and he challenges the adequacy and accuracy of its reason for doing so.

---

[2] "Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether the decision is in accordance with the law, or whether necessary findings are supported by substantial evidence." Kerak v. Pa. Bd. of Prob. & Parole, 153 A.3d 1134, 1138 n.9 (Pa. Cmwlth. 2016).

## A. Notice

First, we address Marshall's argument that the Board violated his due process rights because it did not notify him, at the time he waived his revocation hearing, that a possible consequence was a new maximum sentence date. The Board responds that Marshall waived this challenge when he did not raise it during the administrative proceedings. We agree.

The record shows Marshall did not challenge the adequacy of notice for the revocation hearing in his several-page administrative remedies form. C.R. at 53-60. Significantly, Marshall's counsel filed his administrative appeal. C.R. at 53. On the pre-printed administrative remedies form, counsel checked the box for "Violation of Constitutional Law (Due process, double jeopardy, etc.)." C.R. at 53. Other than checking that box, there is no suggestion of this issue for the Board's review. Marshall's failure to raise this issue before the Board results in waiver. Chesson v. Pa. Bd. of Prob. & Parole, 47 A.3d 875 (Pa. Cmwlth. 2012).

In any event, Marshall cites no authority for the proposition that the Board must provide specific notice as to all possible legal consequences of a parole revocation hearing.

## B. Recalculation of Maximum Sentence Date

Next, we consider Marshall's contention that in recalculating his maximum sentence date, the Board imposed additional time beyond his judicially-authorized sentence.

4

When a parolee violates the terms and conditions of his parole, the Board may recommit him to serve all or part of the remainder of his original sentence. Yates v. Pa. Bd. of Prob. & Parole, 48 A.3d 496 (Pa. Cmwlth. 2012). The time served on recommitment is known as backtime. Id. Thus, backtime cannot exceed the time remaining on the original judicial sentence. Id. By definition, when the Board imposes backtime, it does not alter a judicially-imposed sentence; it simply requires the prisoner to serve some or all of the time remaining on the original sentence. Id. The Board is authorized to recalculate the maximum date of a sentence beyond the original date where it is not adding to the total length of the sentence. Hughes v. Pa. Bd. of Prob. & Parole, 179 A.3d 117 (Pa. Cmwlth. 2018) (maximum length of sentence, not maximum date, is controlling).

Here, at the time of his release on parole, Marshall had over 10 years remaining on his original sentence. In recalculating Marshall's maximum sentence date, the Board did no more than require him to serve that sentence. Yates. Thus, to the extent Marshall posits that the Board lacked authority to recalculate his maximum sentence date, he is incorrect.

### C. Recommitment Range

Marshall also asserts the Board applied an incorrect recommitment range of 18 to 24 months when the conduct underlying his Delaware conviction most closely related to possession of a controlled substance, a misdemeanor in Pennsylvania, with a presumptive range of 3 to 6 months. He contends the Board erred in analogizing the conduct underlying his Delaware conviction to possession with intent to distribute, which is subject to a 10-year prison term under Pennsylvania law.

5

In determining the applicable presumptive recommitment ranges for out-of-state convictions, the Board compares the out-of-state offense to those listed in its regulations. When the list does not include the offense, the Board assesses the criminal conduct to discern the most closely related crime category under Pennsylvania law. See 37 Pa. Code §§75.1, 75.2.

"The presumptive ranges are intended to directly relate to the severity of the crime for which the parolee has been convicted." 37 Pa. Code §75.1(d). Further, "[t]he severity ranking of crimes listed in §75.2 ... is not intended to be exhaustive, and the most closely related crime category in terms of severity and the presumptive range will be followed if the specific crime which resulted in conviction is not contained within the listing." 37 Pa. Code §75.1(e). For drug offenses, the presumptive range depends on the maximum term of imprisonment for the offense. 37 Pa. Code §75.2. However, "[i]t is the severity of the criminal conduct that determines the presumptive range, not the severity of the punishment." Rodriguez v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 1997 C.D. 2015, filed March 28, 2016), slip op. at 7, 2016 WL 1221840, at *2 (unreported) (quoting Harrington v. Pa. Bd. of Prob. & Parole, 507 A.2d 1313, 1315 (Pa. Cmwlth. 1986)).

Here, the Delaware court adjudged Marshall guilty of "DDEAL, Tier 4 (Cocaine)," a felony in Delaware. C.R. at 17. Although the charges included various crimes under Section 4752 of the Delaware Penal Code, Marshall's conviction record does not specify a subsection. Premised on this omission, Marshall claims his crime amounted to mere possession of a controlled substance, not possession with intent to deliver as the Board found. We disagree.

6

Section 4752 of the Delaware Penal Code is captioned "drug dealing—aggravated possession; class B felony." 16 Del. C. §4752. It consists of five subsections, each of which includes the offense "possesses a controlled substance," in various quantity levels, with or without aggravating factors. Id.

Notwithstanding Marshall's contentions, none of these offenses is analogous to mere possession of a controlled substance under Pennsylvania law. Thus, we are unpersuaded by Marshall's argument that Section 13(a)(16) of the Controlled Substance Act, 35 P.S. §780–113(a)(16), is the most closely related crime. First, that provision pertains to possession of a controlled substance "by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State Board …" without regard to the quantity of the drug. Id. Second, violating that provision is a misdemeanor punishable by a maximum of one year under Section 13(b) of the Controlled Substance Act, 35 P.S. §780–113(b), for which the presumptive recommitment range is 3 to 6 months. Third, in reviewing other subsections in the same section, Section 13(30) of the Controlled Substance Act, 35 P.S. §780–113(a)(30), is more analogous to Marshall's conduct in Delaware. Section 13(a)(30) of the Controlled Substance Act, 35 P.S. §780–113(a)(30), classifies possession with intent to deliver a controlled substance as a felony punishable by a maximum term of 10 years in prison. Significantly, Marshall's Delaware conviction was also a felony, for which he received an eight-year sentence.

Despite that the Sentencing Order does not specify the subsection of Section 4752 of the Delaware Penal Code, it states the conviction corresponds to a Tier 4 quantity. Notably, subsection 1 sets forth this quantity in the offense; it reads:

7

"manufactures, delivers, or possesses with intent to manufacture or deliver a controlled substance in a Tier 4 quantity." 16 Del. C. §4752(1) (emphasis added). Therefore, the conduct underlying Marshall's conviction most closely relates to the Pennsylvania crime of possession *with intent* to deliver under Section 13(a)(30) of the Controlled Substance Act, 35 P.S. §780–113(a)(30), as the Board concluded. The Board did not err in utilizing the presumptive range corresponding to that crime.

This Court will not interfere with the Board's discretion as long as the amount of backtime the Board imposed was within the applicable presumptive range. Ward v. Pa. Bd. of Prob. & Parole, 538 A.2d 971 (Pa. Cmwlth. 1988). Here, the recommitment period of 24 months is within the presumptive range corresponding to the closely related offense the Board identified. 37 Pa. Code §75.2.

### D. Credit for Time at Liberty on Parole

Finally, Marshall argues the Board erred in its refusal to credit his almost nine years of time spent at liberty on parole in recalculating his maximum sentence date. Although he acknowledges the Board's discretion to deny such credit under the Prisons and Parole Code, he contends the Board violated the constitutional requirements in Pittman v. Pennsylvania Board of Probation & Parole, 159 A.3d 466 (Pa. 2017), because it "denied [him] credit without conducting any individual assessment of the facts and circumstances surrounding his parole revocation." Id. at 474 (emphasis added); see Pet'r's Br. at 19. We discern merit in this argument.

Section 6138(a)(1) of the Prisons and Parole Code provides that any parolee who commits a crime punishable by imprisonment while on parole, and is

convicted or found guilty of that crime, may be recommitted as a CPV. 61 Pa. C.S. §6138(a)(1). Further, Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(2.1), "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence," except when the recommitment involves the reasons in subsections 6138(a)(2.1)(i) and (ii) (including violent and sexual offender crimes), not present here. Pittman, 159 A.3d at 473.

Relevant here, in Pittman, our Supreme Court held that in not explaining its exercise of discretion with reasons for awarding or denying credit, the Board violated its statutory mandate and denied a parolee's constitutional due process rights.[3] The Court reasoned that the Board satisfies constitutional due process by stating the reasons for exercising its discretion to deny credit for the time a parolee spent at liberty on parole. However, the Court did not set forth criteria for such a statement, noting only that it need not "be extensive and a single sentence explanation is likely sufficient in most instances." Id. at 475 n.12.

Here, the Board's reason for denying Marshall credit for time spent at liberty on parole consisted of four words: "felony drug related crimes." C.R. at 49. Although the word "felony" connotes the severity of the offense, it remains unclear how a drug-related conviction warrants denying credit for almost nine years of street time, which is more than the sentence Marshall received for his new conviction.[4] Further, the phrase implies he committed multiple felony drug crimes when he was convicted of just one. See Pet'r's Br. at 10, 19-22.

---

[3] See PA. CONST. art. V, §9 (providing a right to appeal from agency decisions).

[4] Notably, Marshall's felony conviction is not listed among the crimes for which the Board lacks the discretion to award credit. See 61 Pa. C.S. §6138(a)(2.1).

Recently, when presented with a <u>Pittman</u> challenge to the sufficiency of a reason, this Court found a five-word reason for denying credit for street time "just barely sufficient." <u>See</u> <u>Smoak v. Pa. Bd. of Prob. & Parole</u>, __ A.3d __, __ (Pa. Cmwlth., No. 112 C.D. 2018, filed September 11, 2018), slip op. at 6, 2018 WL 4308762, at *3 ("unresolved drug and alcohol issues" was adequate). In <u>Smoak</u>, the Board's stated reason indicated multiple issues of an ongoing nature. There, the parolee was convicted on drug-related offenses, and was recommitted when he attempted to furnish drug-free urine to pass a drug test. The reason was accurate and related to the parolee's offenses. This Court was able to assess the Board's exercise of discretion in denying Smoak credit for approximately two years of street time.

Since the Court decided <u>Pittman</u>, this Court assessed the Board's exercise of discretion in a number of cases. <u>See, e.g.</u>, <u>Hayward v. Pa. Bd. of Prob. & Parole</u> (Pa. Cmwlth., No. 1735 C.D. 2017, filed July 18, 2018), slip op. at 5, 2018 WL 3447033, at *2 (unreported) (deeming "conviction involved possession of a weapon" sufficient reason); <u>Vann v. Pa. Bd. of Prob. & Parole</u> (Pa. Cmwlth., No. 1067 C.D. 2017, filed April 10, 2018), slip op. at 18, 2018 WL 1722658, at *7 (unreported) (holding reason of "prior history of supervision failures" and "unresolved drug and alcohol issues" sufficed). We upheld the Board's discretion in denying street time credit when the reason showed recidivism. <u>See</u> <u>Johnson v. Pa. Bd. of Prob. & Parole</u> (Pa. Cmwlth., No. 25 C.D. 2018, filed October 12, 2018), slip op. at 9, 2018 WL 4940327, at *5 (unreported) ("third firearm conviction" was sufficient reason); <u>Harvey v. Pa. Bd. of Prob. & Parole</u> (Pa. Cmwlth., No. 1375 C.D. 2017, filed September 7, 2018), slip op. at 9, 2018 WL 4264935, at *3 (unreported) ("extensive history of illegal drug involvement" and new drug-related conviction were adequate reasons).

10

However, in none of the prior cases has the Board used as few words that have no apparent relationship to the parolee. Further, none of these cases involved an unexplained inaccuracy in the stated reason.

Pittman requires the Board to articulate a reason for exercising its discretion to deny credit for street time because "an appellate court hearing the matter must have method to assess the Board's exercise of discretion." Id. at 474. To meet the constitutional guarantees of due process, an agency's decision must be explained "in sufficient detail to permit meaningful appellate review." Fisler v. State Sys. of Higher Educ., Cal. Univ. of Pa., 78 A.3d 30, 41 (Pa. Cmwlth. 2013) (quoting Peak v. Unemployment Comp. Bd. of Review, 501 A.2d 1383, 1389 (Pa. 1985)). There must be safeguards to ensure against arbitrary decision-making. Peak.

Here, other than reference to a felony conviction, the Board's stated reason does not contain any facts that relate to this parolee. The significance of the "drug-related" modifier of crime is also unclear from this record. The record does not indicate that his prior conviction was drug related, or otherwise suggest recidivism. As to the commission of a felony while on parole, the commission of a felony could be one of the factors that the Board considers when exercising its discretion to award or withhold credit; however, standing alone, the commission of a felony is an insufficient articulation of the Board's reasoning.

Our task here is to evaluate whether the Board abused its discretion in denying Marshall credit for almost nine years of street time for conviction of a drug-related felony. The Board's articulated reason simply restates the conviction without

11

an individual assessment of the facts surrounding Marshall's parole revocation. Without further explication of the stated reason, the Board's reason for denying Marshall credit is not amenable to appellate review.  See Hinkle v. City of Phila., 881 A.2d 22, 26 (Pa. Cmwlth. 2005); see also Pocono Mtn. Charter Sch., Inc. v. Pocono Mtn. Sch. Dist., 88 A.3d 275, 290 (Pa. Cmwlth. 2014) ("lack of written findings and reasons goes to the reviewability of a decision, not its validity.").

Remand is appropriate to ensure this Court has a proper decision, capable of review, before it.  Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Markets, Inc., 52 A.3d 1233, 1247 (Pa. 2012) ("remands may encompass a variety of proceedings" including remand for an explanation).  Accordingly, we remand to the Board for the limited purpose of explaining its exercise of discretion in its credit determination, and to correct any error in exercising that discretion based on the facts and circumstances of Marshall's parole revocation.[5]

On remand, the Board should "articulate with reasonable clarity its reasons for decision, and identify the significance of the crucial facts."  Gruzinski v. Dep't of Pub. Welfare, 731 A.2d 246, 251 n.14 (Pa. Cmwlth. 1997).  The Board's credit decision should contain sufficient facts related to the parolee "to ensure the decision is not arbitrary."  Barge v. Pa. Bd. of Prob. & Parole, 39 A.3d 530, 548 (Pa. Cmwlth. 2012).  The Board's statement of reasons should be informed by aggravating and mitigating circumstances and account for the parolee's individual circumstances. Similar considerations guide a trial court's reasons in the sentencing context.

---

[5] See Hoover v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 609 C.D 2017, filed December 14, 2017), 2017 WL 6374750 (unreported) (Board requested this Court order a remand limited to providing a reason for denial of credit for time spent at liberty on parole).

12

Accord Commonwealth v. Riggins, 377 A.2d 140 (Pa. 1977) (vacating sentence and remanding to trial court for resentencing that states reasons for the particular sentence imposed).  At a minimum, the Board's statement of reasons must accurately reflect the facts informing its decision.

### III. Conclusion

We vacate the Board's order, and remand the matter to the Board for the limited purpose of articulating reasons for its credit determination based on the facts and Marshall's circumstances in accordance with Pittman.  In all other respects, the Board's decision is affirmed.

_____

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwight Marshall,            :
         Petitioner      :
                         :
       v.                 :    No. 172 M.D. 2018
                         :
Pennsylvania Board of Probation    :
and Parole,                   :
         Respondent    :

## O R D E R

**AND NOW**, this 17th day of December, 2018, the order of the Pennsylvania Board of Probation and Parole (Board) is **AFFIRMED IN PART**, as to parole revocation and the recommitment range, and **VACATED IN PART,** as to the credit for time spent at liberty on parole determination.  The matter is **REMANDED** to the Board to explain its exercise of discretion in its credit determination as to the time Petitioner Dwight Marshall spent at liberty on parole.

       Jurisdiction is relinquished.


                _____
                ROBERT SIMPSON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwight Marshall,
          Petitioner          :
                                      :
          v.                     : No. 172 M.D. 2018
                                        : Submitted: August 24, 2018
Pennsylvania Board of Probation    :
and Parole,                          :
          Respondent      :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge


CONCURRING OPINION BY
SENIOR JUDGE PELLEGRINI          FILED: December 17, 2018


I join with the well-reasoned majority opinion but write separately to make clear that just because a parolee is being recommitted for a felony does not justify the Pennsylvania Board of Probation and Parole (Board) from withholding street time. 61 Pa.C.S. § 6138(a)(2.1) provides:

> The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

Under this provision, the General Assembly has mandated that a parolee who is recommitted for a felony that is not violent or is not a sexual offense remains eligible for street time unless the Board articulates reasons that a longer period of incarceration is warranted for rehabilitative reasons. The Board cannot take away street time to punish a parolee just because he committed a non-excluded felony while on parole. Courts impose punishment, not the Board. If prior offenses auger in favor of more time in prison, it is up to the sentencing judge to take that into consideration when determining an appropriate sentence on the new felony.

Moreover, under 61 Pa.C.S. § 6138(a)(2.1), the General Assembly intended the Board to award street time unless there are exceptional circumstances that require the Board to take it away. While those circumstances can include the facts underlying the new felony, those facts have to be weighed against other factors before street time can be taken away. For example, if parole is revoked for felony theft that was committed to obtain drug money, then the Board could take away street time so that there is sufficient time for the parolee to receive drug treatment in prison. However, that may not be a sufficient reason to take the time away if the sentence on the larceny charge is sufficient for the parolee to complete drug treatment. As this example illustrates, each situation is extremely fact specific requiring the Board to go into detail to explain the reasoning behind its decision not to award street time.

_____
DAN PELLEGRINI, Senior Judge

DRP - 2