IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert E. Daniels,            :
                                    :
                   Petitioner   :
                                    :
               v.              : No. 168 C.D. 2019
                                    : Submitted: August 23, 2019
Pennsylvania Board of     :
Probation and Parole,     :
                                    :
                Respondent :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                               FILED: April 15, 2020

Robert E. Daniels (Daniels) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that recommitted Daniels as a convicted parole violator (CPV) and recalculated his maximum sentence date with no credit for time at liberty on parole. Daniels argues that the Board abused its discretion by denying him credit without providing a contemporaneous statement articulating the reason for its decision as required by *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). Upon review, we affirm.

In March 2009, Daniels was originally sentenced to a term of incarceration of four years and six months to nine years for one count of manufacture/sale/delivery or possession with intent to deliver (PWID). Certified Record (C.R.) at 1. His minimum sentence date was August 15, 2015, and his

maximum sentence date was February 15, 2020. *Id.* At the expiration of his minimum sentence, the Board released Daniels on parole. *Id.* at 4.

In July 2017, Daniels was arrested on new drug-related charges. C.R. at 13. The Board issued a warrant to commit and detain Daniels for parole violations. *Id.* at 19. Daniels did not post bail. *Id.* at 21, 23. In November 2017, Daniels pled guilty to three counts of PWID, one count of criminal use of a communication facility and one count of use/possession of drug paraphernalia. *Id.* at 32-33. He was sentenced to one year and six months to three years for each count of PWID, with no further penalty for the other counts included in his guilty plea. *Id.* The other drug-related charges were withdrawn. *Id.*

As a result of the new conviction, the Board charged Daniels as a CPV. Daniels signed a waiver of revocation hearing and counsel/admission form relative to the charge. C.R. at 50. The Board revoked Daniels' parole. C.R. at 60.

By decision mailed March 26, 2018, the Board recommitted Daniels as a CPV to serve 24 months' backtime. C.R. at 74-75. The Board calculated his new maximum sentence date as April 9, 2022, and declared Daniels would not be eligible for parole until October 8, 2019. *Id.* The Board did not award credit for time spent at liberty on parole, which is sometimes referred to as "street time," citing Daniels' "continue[d] behavior of drug sales" as the reason. *Id.* at 74.

Daniels, representing himself, requested administrative review[1] of the Board's March 26, 2018 decision asserting that the Board abused its discretion by denying credit for time spent at liberty on parole and failing to provide an adequate contemporaneous statement as required by *Pittman*. C.R. at 78-79. By decision mailed January 14, 2019, the Board denied Daniels' request for administrative

---

[1] Daniels filed an "Administrative Remedies Form," which the Board treated as a request for administrative review because Daniels objected to his recalculated maximum date.

review and affirmed its recommitment decision. *Id.* at 88. Daniels then petitioned this Court for review of the Board's decision.[2]

Daniels, who is now represented by counsel, contends that the Board abused its discretion by denying him credit for time spent at liberty on parole without providing a contemporaneous statement of explanation for the denial. Daniels argues that the only statement offered, "continue[d] behavior of drug sales," is inadequate. Daniels also challenges the accuracy of the Board's rationale.

When determining whether there has been an abuse of discretion, the Pennsylvania Supreme Court has held that "[a]n abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." *Pittman*, 159 A.3d at 474 (quoting *Zappala v. Brandolini Property Management, Inc.*, 909 A.2d 1272, 1284 (Pa. 2006)); *see Moss v. SCI-Mahanoy Superintendent Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1133 n.5 (Pa. Cmwlth. 2018), *appeal denied*, 215 A.3d 562 (Pa. 2019).

Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(2.1), "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence." *Pittman*, 159 A.3d at 473. There are two enumerated exceptions to the Board's discretion to award credit, neither of which apply here. *See* 61 Pa. C.S. §6138(a)(2.1)(i)-(ii).

When exercising its discretion to deny credit for time spent at liberty on parole, the Board must provide a "contemporaneous statement" explaining its

---

[2] Our review is limited to determining whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Smoak v. Talaber*, 193 A.3d 1160, 1163 n.2 (Pa. Cmwlth. 2018).

3

rationale. *Pittman*, 159 A.3d at 474. This allows the appellate court reviewing the matter to have a method to assess the Board's exercise of discretion. *Marshall v. Pennsylvania Board of Probation and Parole*, 200 A.3d 643, 651 (Pa. Cmwlth. 2018). "[T]he Board's statement of reasons should be informed by aggravating and mitigating circumstances and account for the parolee's individual circumstances." *Id.* at 652.

To meet the standard, the Board's given reason must be "accurate and related to the parolee's offenses." *Marshall*, 200 A.3d at 650. In addition to accuracy, we have also considered whether the Board's stated reason "is documented in the record and affords the parolee notice of the specific acts being referenced." *Plummer v. Pennsylvania Board of Probation and Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019).

However, the Board's explanation need not be extensive, and "a single sentence . . . is likely sufficient in most instances." *Pittman*, 159 A.3d at 475 n.12. In fact, this Court has found several single-sentence explanations given by the Board for its decision to deny a CPV credit for time spent at liberty on parole as sufficient to meet the *Pittman* standard.

For instance, in *Smoak v. Talaber*, 193 A.3d 1160 (Pa. Cmwlth. 2018), we considered the adequacy of the Board's five-word reason for denying street time credit. Following the parolee's respective drug-related and firearm convictions, he was sentenced to one year of probation for attempting to furnish drug-free urine. In recalculating his maximum sentence date, the Board denied the parolee street time credit due to his "unresolved drug and alcohol issues." *Id.* at 1163. On appeal, this Court recognized that *Pittman* does not require the Board's stated reason to be extensive. Although the Board's statement was "not a full sentence" and failed to

4

"identify the incidents that created these 'issues,'" we held it was legally sufficient, albeit "just barely sufficient." *Id.* at 1165.

Similarly, in *Plummer*, we held that the Board's stated reason, "prior history of supervision failures," was accurate and supported by the record, and thus legally sufficient under the *Pittman* standard. *See also Lane v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 299 C.D. 2019, filed January 23, 2020) (finding that the statement "poor supervision history" satisfied *Pittman* standard); *Williams v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1243 C.D. 2018, filed August 21, 2019) (holding Board's stated reason "new conviction [was the] same/similar to [his] original offense" satisfied *Pittman* standard); *Tres v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 828 C.D. 2018, filed June 3, 2019) (holding Board's stated reason "arrested for a firearms charge" satisfied *Pittman* standard); *Bleach v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 794 C.D. 2017, filed May 31, 2019) (holding Board's stated reason "[r]evoke street time due to second conviction (drugs) while on parole" satisfied *Pittman* standard); *Lawrence v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1132 C.D. 2018, filed April 12, 2019) (holding Board's stated reason "new conviction same/similar to the original offense" satisfied *Pittman* standard).[3]

Contrary to Daniels' assertions, the Board contemporaneously set forth its reason for denying him street time credit. In its revocation hearing report, the Board stated that "[Daniels] has [a] history of drug sales going back to 1980" and that "[he] should not get credit for time spent at liberty on parole due to continued

---

[3] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a), an unreported panel decision issued by this Court after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent."

behavior of drug sales." C.R. at 60. In its March 26, 2018 recommitment decision, the Board again cited "continue[d] behavior of drug sales" as the basis for denying credit for time spent at liberty on parole. C.R. at 74. The Board sufficiently articulated its reason for denying credit. *See Pittman*; *Smoak*.

As for Daniels' assertion that the Board's reason is not accurate or supported by the record, Daniels admits he "has some drug sale history," but he maintains that his criminal history is *more related to drug use* than drug sales. Petitioner's Brief at 10. Even assuming that his criminal history is more related to substance abuse than sales,[4] the record contains sufficient evidence to support the Board's rationale related to drug sales. Daniels' original offense and new criminal offenses were both related to the *sale* of drugs. In 2009, Daniels pled guilty and was convicted of one count of PWID. C.R. at 1. In 2017, Daniels pled guilty and was convicted of three counts of PWID. *Id.* at 32, 41-42. According to the arrest report for the new criminal offenses, the Harrisburg Police Department set up three controlled buys of heroin in May, June and July of 2017. *Id.* at 21. At each transaction, Daniels sold the officer 50 bags of heroin for $350. *Id.* Daniels' recent criminal behavior, spanning the past decade, constitutes "continue[d] behavior of drug sales." *Id.* at 74. Thus, the Board's rationale is accurate, related to Daniels' offenses, and supported by the record. *See Plummer; Marshall*.

---

[4] The Certified Record begins with Daniels' "original" offense in 2009 and does not shed much light on his early criminal history other than to chronicle his location and sentence/parole status dating back to 1986 in the Pennsylvania Department of Corrections Moves Report. *See* C.R. at 1, 70-71. However, the Certified Record does note Daniels' drug use in 2007 under the Board's Supervision History. *Id.* at 23.

For these reasons, we conclude that the Board's stated reason satisfies the *Pittman* standard.  Accordingly, we affirm the Board's order.


_____

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert E. Daniels,                 :
                                             :
                   Petitioner   :
                                             :
                    v.          :  No. 168 C.D. 2019
                                             :
Pennsylvania Board of        :
Probation and Parole,        :
                                           :
                  Respondent :

O R D E R

AND NOW, this 15<u>th</u> day of <u>April</u>, 2020, the order of the Pennsylvania Board of Probation and Parole, mailed January 14, 2019, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge