IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elijah Perez,                          :
                    Petitioner         :
                                       :
        v.                             :  No. 836 C.D. 2021
                                       :  Submitted: January 28, 2022
Pennsylvania Parole Board,             :
                    Respondent         :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                      FILED: May 19, 2022

Petitioner Elijah Perez (Perez) petitions for review from a July 6, 2021 decision by the Pennsylvania Parole Board (Board). Therein, the Board affirmed its February 23, 2021 decision recommitting Perez to serve 36 months of backtime as a convicted parole violator (CPV). The Board gave Perez no credit for street time and recalculated the maximum date on his underlying criminal sentence as July 19, 2024. Discerning no error, we affirm.

## I. Background

On May 23, 2018, in the Court of Common Pleas of Lebanon County (Trial Court), Perez pleaded guilty to the charges of possession of a firearm by a minor; possession of a controlled substance with intent to manufacture, sell, or deliver; and receiving stolen property (three counts). Certified Record (C.R.) at 1. The Trial Court ordered that Perez's convictions be served concurrently, resulting in a total

sentence of 1 year, 6 months to 5 years in a state correctional institution. C.R. at 3. At that time, his maximum sentence date was April 6, 2023. *Id.*

On July 2, 2019, Perez was released on parole from motivational boot camp. C.R. at 5, 9. On February 28, 2020, the Lebanon City Police Department (police) filed a criminal complaint against him. C.R. at 14-18. Perez was charged with terroristic threats, simple assault (two counts), false imprisonment, and theft by unlawful taking – moveable property. C.R. at 15-16. The Board lodged a detainer warrant against Perez on March 7, 2020, and the next day, he was arrested by the police and confined in the Lebanon County Prison (county prison). C.R. at 10, 12. Perez did not post bail. C.R. at 12.

On September 30, 2020, Perez pleaded guilty to terroristic threats, simple assault (two counts), false imprisonment, and theft by unlawful taking – movable property; the Trial Court sentenced him on each charge to 6 months to 1 year, 11 months, and 29 days in county prison, to be served concurrently. C.R. at 43-48, 64-66. He was given presentence credit for the time he spent in county prison from March 8, 2020, through September 30, 2020. C.R. at 48.

As a result of Perez's new criminal convictions, the Board scheduled a parole revocation hearing. C.R. at 35. Perez waived his right to the hearing, as well as to counsel, and admitted to the new criminal convictions. C.R. at 37. By decision mailed on February 23, 2021, the Board recommitted Perez to serve 36 months of backtime as a CPV. C.R. at 78. The Board, in its discretion, did not award Perez credit for the time he spent at liberty on parole because he "COMMITTED A NEW OFFENSE THAT WAS ASSULATIVE IN NATURE" and his "BEHAVIOR REFLECTS DOMESTIC VIOLENCE ISSUES . . . ." C.R. at 78-79. As a result, his maximum sentence date was recalculated to July 19, 2024. C.R. at 78.

2

On March 24, 2021, the Board received Perez's administrative remedies form.[1] C.R. at 80. Perez asserted that the Board failed to credit him for all the time he served exclusively on the Board's detainer warrant. *Id.* Also, he claimed that the Board abused its discretion by failing to give Perez credit for all the time he spent at liberty on parole in good standing. *Id.* By decision mailed July 6, 2021, the Board denied Perez's request for relief. C.R. 87-89. This timely Petition for Review followed.

## II. Issues

On appeal,[2] Perez raises two issues. First, he claims the Board failed to give him credit for all the time he served exclusively on its detainer warrant. Second, he asserts the Board abused its discretion by failing to give him credit for all the time he spent in good standing on parole.

## III. Discussion

First, we address the calculation of Perez's maximum sentence date. In his brief, Perez contends that the Board failed to credit him for all the time he served exclusively on its detainer warrant. He states that the Board credited him for one day served exclusively on its warrant. As a result, he owed 1,373 days on his original sentence. He became available to serve his original sentence on October 15, 2020,

---

[1] This form was filed by Perez's court appointed counsel. Thereafter, Perez sent two letters to the Board, dated March 27 and May 18, 2021, stating that he wanted the Board to ignore counsel's appeal and instead decide the *pro se* appeal that he submitted. C.R. at 82, 84. The Board responded that it had no record of Perez ever filing a *pro se* appeal. C.R. at 87. Thus, it would address counsel's filing, as it was the only timely appeal of record. *Id.*

[2] Under Section 704 of the Administrative Agency Law, our standard of review in this matter is limited to determining whether the Board violated Perez's constitutional rights, committed an error of law, or made findings of fact that were not supported by substantial evidence. 2 Pa. C.S. § 704.

the date of his parole from his new county sentence. Adding 1,373 days to October 15, 2020, results in a recalculated maximum sentence date of July 19, 2024.

The Board responds that Perez baldly asserts that its recalculation is wrong without explaining why it is wrong. The Board advises that at the time Perez was paroled, he owed 1,374 days on his original sentence. He was detained on the Board's warrant on March 7, 2020. On March 8, 2020, he was arrested on the new criminal charges and did not post bail. Thus, he was given credit for the one day he served exclusively on the Board's warrant. He became available to serve his original sentence on October 15, 2020, when he was paroled from his new county sentence. Adding 1,373 days to that date results in a recalculated maximum sentence date of July 19, 2024.

Despite Perez's characterization of this issue as a dispute over the amount of time he served exclusively on the Board's warrant, in his brief, he agrees with the Board that he was only entitled to one day of credit. Perez's Brief at 10. Perez also agrees that 1,373 days remained on his original sentence at the time he returned to the Board's custody on October 15, 2020; he again agrees that the recalculated maximum sentence date is July 19, 2024. *Id.*

Based on his own computations, it does not appear that Perez has raised any challenge to the Board's calculations. In any event, the law regarding presentence credit is settled:

> [I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. *If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.*

*Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980) (emphasis added; footnote omitted).  Herein, Perez does not claim that he posted bail following his March 8, 2020 arrest, and the record indicates that he did not post bail.  *See* C.R. at 12, 63.

Also, once sentenced by the Trial Court, Perez was required to serve the balance of his new county sentence prior to serving the balance of his original sentence.  61 Pa. C.S. § 6138(a)(5)(iii) ("the service of the new term for the latter crime [(i.e., the county sentence)] shall precede commencement of the balance of the term originally imposed [(i.e., the original state sentence)]").  Perez agrees that following sentencing on the new convictions, he remained in county prison through October 14, 2020.  As such, that time was correctly credited to his county sentence.  Thus, Perez began serving his original sentence on October 15, 2020, and adding 1,373 days to that date results in a recalculated maximum sentence date of July 19, 2024.  Perez has therefore made no showing that his maximum sentence date was wrongly recalculated, and we reject his first claim of error.

Second, Perez claims the Board abused its discretion by failing to award him credit for all the time he spent in good standing on parole, *i.e.*, from July 2, 2019, when he was paroled, to February 26, 2020, when he was arrested on the new criminal charges.[3]  Perez contends that the Board's reasons for denying credit are insufficient.  Further, his new convictions were for misdemeanors.[4]

---

[3] Perez's new criminal convictions resulted from conduct that occurred on February 26, 2020.  C.R. at 14.

[4] Perez seems to suggest that because his crimes were misdemeanors, his new convictions were minor offenses.  We disagree.  According to the criminal complaint, the underlying facts of the charges of which he was convicted are as follows:  Perez approached the victim, his former intimate partner, as she was entering her apartment.  C.R. at 18.  Perez displayed a handgun and
**(Footnote continued on next page…)**

The Board responds that Perez was given two sufficient reasons for denying street time credit. Specifically, he committed a new offense that was (1) assaultive in nature, and (2) involved domestic violence issues. The Board notes that Perez does not challenge these reasons as inaccurate. Instead, he claims they are insufficient without further elucidation. In support of its claim that the reasons for denying Perez credit were sufficient, the Board cites *Hoover v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 609 C.D. 2017, filed February 15, 2019), in which we held that an offense that is assaultive in nature is an adequate reason to deny a CPV credit for time at liberty on parole.[5]

Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(2.1), "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence." *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017).[6] When exercising its discretion to deny credit for time spent at liberty on parole, the Board must provide a contemporaneous statement explaining its reason. *Id.* at 475. Although our Supreme Court did not establish criteria to govern the Board's stated reason, it noted the Board's explanation need not be extensive, and "a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12. This allows the appellate court

---

forced her inside the apartment. Once inside, he put the handgun to her head and threatened to kill her. *Id.* at 15. He also struck her in the face with the handgun, causing an abrasion. *Id.* He then left the apartment with her cell phone. *Id.* at 16.

[5] *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a) (unreported Commonwealth Court opinions issued after January 15, 2008, may be cited for their persuasive value).

[6] There are two enumerated exceptions to the Board's discretion to award credit, neither of which apply here. *See* 61 Pa. C.S. § 6138(a)(2.1)(i)-(ii).

reviewing the matter to have a method to assess the Board's exercise of discretion. *Marshall v. Pa. Bd. of Prob & Parole*, 200 A.3d 643, 651-52 (Pa. Cmwlth. 2018).

In *Hoover*, while on parole, the parolee was arrested and ultimately convicted of simple assault.[7] As a result, the Board recommitted him as a CPV and denied him credit for the time he spent at liberty on parole because his "[c]onviction was assaultive in nature." *Id.*, slip op. at 4 (citation omitted). Before this Court, the parolee claimed the Board's reason was insufficient. We disagreed, concluding that the Board sufficiently explained that it denied the parolee street time credit due to the assaultive nature of his simple assault conviction.

Herein, Perez claims that the Board presented "insufficient articulation of the reasons to deny credit." Perez's Brief at 11. We disagree. The Board denied Perez credit because the new convictions involved assaultive behavior and domestic violence. Perez does not claim that the record is insufficient to establish that his new convictions involved assaultive behavior or domestic violence.[8] He merely suggests, without citation to any law, that the Board's reasons are insufficient to deny street time credit. As expressed in *Hoover*, denying credit to a parolee because his conviction for simple assault constitutes "assaultive" behavior is sufficient under *Pittman*. Accordingly, we conclude that the Board properly exercised its discretion to deny Perez credit under the circumstances, and we therefore reject Perez's second claim of error.

---

[7] The Board's decision originally stated that the parolee was also convicted of disorderly conduct, but the error was corrected.

[8] Nor could he since he was convicted of simple assault on a former intimate partner. *See supra* note 4.

## IV. Conclusion

Based on the foregoing discussion, we affirm the Board's July 6, 2021 decision.

_____
ELLEN CEISLER, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elijah Perez,                             :
               Petitioner          :
                                    :
       v.                             :  No. 836 C.D. 2021
                                    :
Pennsylvania Parole Board,                :
               Respondent         :

## O R D E R

AND NOW, this 19th day of May, 2022, the order of the Pennsylvania Parole

Board, dated July 6, 2021, is hereby AFFIRMED.


                                       _____

                                       ELLEN CEISLER, Judge