IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abey Abdul-Salaam,                          :
                        Petitioner           :
                                             :
            v.                               :
                                             :
Pennsylvania Parole Board,                   :   No. 253 C.D. 2022
                        Respondent           :   Submitted: November 23, 2022


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED: January 31, 2023


        Abey Abdul-Salaam (Abdul-Salaam), through counsel, petitions for
review of a decision of the Pennsylvania Parole Board (Board) mailed February 18,
2022.  Abdul-Salaam contends that the Board abused its discretion when, in
recalculating his maximum sentence date upon his conviction of new criminal
charges, it denied him credit for time previously spent at liberty on parole.[1]  Upon
review, we affirm the Board's decision.

---

[1] Abdul-Salaam's petition for review also challenged the length of backtime imposed by
the Board, asserting that it exceeded the presumptive range.  However, his counsel expressly
abandoned that argument after confirming that the 36 months of backtime imposed were within
the presumptive range of 24 to 40 months applicable to Abdul-Salaam's conviction of the second
degree felony of aggravated assault against a child under six years of age.  *See* Br. of Pet'r at 10-
11 (citing 37 Pa. Code § 75.2).

# I. Background

In June 2000, Abdul-Salaam received a sentence of 7 years, 9 months to 29 years of imprisonment for drug and firearm convictions. Certified Record (CR) at 24 & 39. At that time, his maximum sentence date was April 15, 2035. *Id.* He was paroled in May 2002, but was rearrested on new charges in August 2003. *Id.* at 3 & 10.

After serving various sentences, Abdul-Salaam was eventually released on reparole in January 2014. CR at 25. He remained at liberty on parole for nearly six years, during which time he held stable employment, maintained a stable residence, married, and had a son. *Id.* at 37 & 92. However, in November 2019, he was rearrested and later pleaded guilty to having beaten his then-three-year-old son with a belt, causing serious and widespread bruises that resulted in the immediate emergency removal of the child from the home. *Id.* at 39, 46 & 147. Abdul-Salaam was convicted of new offenses including aggravated assault against a child under six years of age, a second-degree felony. CR at 88-89 & 147; *see* Section 2702(a)(8) of the Crimes Code,[2] 18 Pa.C.S. § 2702(a)(8). He was sentenced to one to two years of incarceration, less time spent in custody following his rearrest. CR at 89. The Board also recommitted him to serve 36 months of backtime as a convicted parole violator. *Id.* at 124.

At Abdul-Salaam's detention hearing, his parole supervisor acknowledged Abdul-Salaam's successful parole supervision for nearly six years. CR at 92 & 95-96. However, in recalculating Abdul-Salaam's maximum sentence date following his new convictions, the Board declined to award Abdul-Salaam sentence credit for the period he spent at liberty on parole between January 2014 and

---

[2] 18 Pa.C.S. §§ 101-9546.

November 2019. *Id.* at 124-25. The Board's stated reason for denying sentence credit was that Abdul-Salaam "committed a new offense that was assaultive in nature thereby warranting denial of credit for time at liberty on parole." *Id.* at 125. Abdul-Salaam sought administrative relief from the Board, which was denied, again based on the assaultive nature of the new conviction. CR at 147-48. Abdul-Salaam then petitioned for review in this Court.

## II. Issue

On appeal,[3] Abdul-Salaam's sole argument is that the Board abused its discretion by denying him sentence credit for the nearly six years he spent at liberty on parole without incident.

## III. Discussion

In *Marshall v. Pennsylvania Board of Probation & Parole*, 200 A.3d 643 (Pa. Cmwlth. 2018), we reviewed a denial of sentence credit for nearly nine years spent at liberty on parole; we characterized our task as "evaluat[ing] whether the Board abused its discretion" in denying credit for that time. *Id.* at 651. We explained that in order to satisfy constitutional due process requirements and its statutory mandate, the Board must state its reasons for denying sentence credit; although a single sentence will suffice in most instances, the statement of reasons must be sufficient to provide an appellate court with a "method to assess the Board's exercise of discretion." *Id.* at 650 (quoting *Pittman v. Pa. Bd. of Prob. & Parole*,

---

[3] "Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether the decision is in accordance with the law, or whether necessary findings are supported by substantial evidence." *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 647 n.2 (Pa. Cmwlth. 2018) (quoting *Kerak v. Pa. Bd. of Prob. & Parole*, 153 A.3d 1134, 1138 n.9 (Pa. Cmwlth. 2016)) (additional quotation marks omitted).

159 A.3d 466, 474 (Pa. 2017)) (additional quotation marks omitted). In other words, "[t]o meet the constitutional guarantees of due process, an agency's decision must be explained 'in sufficient detail to permit meaningful appellate review.'" *Marshall*, 200 A.3d at 650 (quoting *Fisler v. State Sys. of Higher Educ., Cal. Univ. of Pa.*, 78 A.3d 30, 41 (Pa. Cmwlth. 2013)) (additional citation omitted). "There must be safeguards to ensure against arbitrary decision-making." *Marshall*, 200 A.3d at 650 (citing *Peak v. Unemployment Comp. Bd. of Rev.*, 501 A.2d 1383, 1389 (Pa. 1985)).

In *Marshall*, this Court remanded for a further explanation of the Board's reasoning where it denied sentence credit based solely on a four-word explanation, "felony drug related crimes," without any explanation of how those words related to the parolee. 200 A.3d at 649. Further, regarding the commission of a new felony while on parole, we observed that "the commission of a felony could be one of the factors that the Board considers when exercising its discretion to award or withhold credit; however, standing alone, the commission of a felony is an insufficient articulation of the Board's reasoning." *Id.* at 650.

Here, by contrast, the Board's appeal panel decision provided, in pertinent part, the following explanation to Abdul-Salaam:

> [Y]ou raise the following points of contention: 1) the new conviction was not serious or assaultive, [and] 2) you claim the Board erred in denying you credit for the time spent at liberty on parole . . . .
>
> First, the record reveals that on July 27, 2020[,] you suffered a new criminal conviction in Dauphin County for Aggravated Assault with the Victim Less than 6 and Defendant 18 or Older (F2) and Endangering the Welfare of a Child (M2). The offense involved you whipping your 3-year-old child with a belt to the point that he had bruises and red marks all over his body. Dauphin County Children and Youth considered the injuries so severe that an emergency removal order of the child was issued. The

4

> Board considers the particulars of the crime sufficiently serious and assaultive enough.
>
> Next, the decision on whether to grant or deny a convicted parole violator ("CPV") credit for time at liberty on parole is purely a matter of discretion. The Prisons and Parole Code[4] authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. 61 Pa.C.S. § 6138(a)(2.1). Pursuant to the Supreme Court's ruling in *Pittman* . . . , the Board must articulate the basis for its decision to grant or deny a CPV credit for time spent at liberty on parole. In this case, the Board articulated that you were denied such credit because you were convicted of a new offense that was assaultive in nature thereby warranting the denial of such credit. As established above, the panel finds the reason provided sufficient for denying credit for the time spent at liberty on parole in this case.

CR at 147-48. This statement of reasons clearly related to Abdul-Salaam's conduct and went well beyond merely stating that his new conviction was for a felony offense. As such, we find it sufficient to satisfy constitutional requirements by allowing meaningful appellate review.

We recognize that Abdul-Salaam was stable and successful on parole for nearly six years. Moreover, as in *Marshall*, this successful period at liberty on parole exceeded the one-to-two-year new sentence Abdul-Salaam received. *See Marshall*, 200 A.3d at 650 (observing that the parolee's new conviction was for a shorter time than that which he had spent at liberty on parole). We also acknowledge that the new felony offense here, aggravated assault on a child under six years of age, was not clearly related to Abdul-Salaam's previous convictions for drug and firearms offenses so as to suggest recidivism. *See id.* at 651. Nevertheless, it is not within this Court's function or authority to substitute our judgment for that of the Board in the exercise of its discretion. *See* 2 Pa.C.S. § 704; *Harden v. Pa. Bd. of*

---

[4] 61 Pa.C.S. §§ 101-7301.

*Prob. & Parole*, 980 A.2d 691, 701-02 (Pa. Cmwlth. 2009) (citing *Cox v. Pa. Bd. of Prob. & Parole*, 493 A.2d 680, 683 (Pa. 1985)). We cannot conclude that the Board abused its discretion in denying credit for time spent at liberty on parole, where the crimes resulted in two new convictions, including a felony count of aggravated assault perpetrated against a helpless toddler and severe enough to cause serious bruising and the immediate emergency removal of the child from the home.

We also do not agree with Abdul-Salaam's suggestion that the Board abused its discretion in denying sentence credit because his aggravated assault was not listed among the violent offenses excepted from the Board's discretionary sentence credit by Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(2.1). Essentially, Abdul-Salaam implies that the Board should have granted sentence credit merely because it was not precluded by statute from doing so. Under Abdul-Salaam's reasoning, the Board would effectively be forced to grant sentence credit for any crime not expressly excluded by statute from such credit. The discretion expressly provided to the Board in Section 6138(a)(2.1) would be rendered illusory. We cannot accept such a reading of Section 6138(a)(2.1).

## IV. Conclusion

For the foregoing reasons, we are constrained to affirm the Board's decision.

_____
CHRISTINE FIZZANO CANNON, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abey Abdul-Salaam,  :
               Petitioner  :
                 :
       v.  :
                 :
Pennsylvania Parole Board,  :   No. 253 C.D. 2022
               Respondent  :

# O R D E R

AND NOW, this 31st day of January, 2023, the decision of the Pennsylvania Parole Board mailed February 18, 2022 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge