IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Luis Rodriguez,                          :
                          Petitioner         :
                                             :
        v.                                   : No.  171 C.D. 2023
                                             : Submitted:  February 6, 2024
Pennsylvania Parole Board,                   :
                          Respondent  :


BEFORE:     HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE ELLEN CEISLER, Judge
            HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                    FILED:  March 14, 2024


        Jose Luis Rodriguez (Petitioner) petitions for review of the February 16, 2023

order of the Pennsylvania Parole Board (Board) denying his request for

administrative relief and affirming its January 19, 2023 decision that denied him

credit for time spent at liberty on parole.   After review, we conclude the Board did

not abuse its discretion, and we affirm the Board's order.

## I.      Factual and Procedural Background

        The Board released Petitioner on parole in 2014, and then declared him

delinquent effective March 17, 2015.  Certified Record (C.R.) at 74, 79.  On January

24, 2017, the Board detained Petitioner pending resolution of new charges in New

Jersey and recommitted him as a technical parole violator. *Id.* at 81. On July 10, 2017, Petitioner was extradited to New Jersey. *Id.* at 87.

On May 23, 2018, the Harrisburg Police charged Petitioner with rape and other criminal offenses in Dauphin County, Pennsylvania. *Id.* at 121-27. The charges stemmed from an incident alleged to have occurred in 2016. *Id.* at 114. Meanwhile, on October 2, 2018, Petitioner pled guilty to robbery in New Jersey, and the Superior Court of Essex County, New Jersey, sentenced Petitioner to five years of incarceration. *Id.* at 93. At the end of 2018, Petitioner returned to the State Correctional Institution (SCI) at Benner Township. *Id.* at 107. Petitioner waived his right to a revocation hearing and waived his right to counsel. *Id.* at 97-99. By decision recorded April 16, 2019, the Board recommitted Petitioner pending resolution of his outstanding Dauphin County charges. *Id.* at 111.

On October 22, 2020, a Dauphin County jury found Petitioner guilty of rape and other charges. *Id.* at 131. Shortly thereafter, the Dauphin County Court of Common Pleas (trial court) sentenced Petitioner to a term of 10 to 20 years of incarceration. *Id*. at 141-42. Petitioner waived his right to a revocation hearing and his right to counsel. *Id.* at 144-45. By decision recorded April 6, 2021, the Board recommitted Petitioner as a convicted parole violator (CPV) for his Dauphin County crimes. *Id.* at 162-63. The Board also denied Petitioner credit for time he spent at liberty on parole because he was convicted of rape, an enumerated offense under 42 Pa.C.S. § 9714(G), that prohibited the Board from granting credit. C.R. at 163. The Board further indicated it denied credit because Petitioner's rape conviction involved possession of a weapon. *Id.*

In May 2021, Petitioner, pro se, filed two administrative appeals, and Counsel for Petitioner did the same. In response to the appeals, the Board reversed its April

6, 2021 decision. *Id.* at 179. The Board issued a new order which modified the review date and the parole violation maximum date. *Id.* at 181. In all other respects the April 6, 2021 decision remained the same. *Id.* On August 2, 2022, the Board issued another modification, changing the date Petitioner was eligible for parole. *Id.* at 187. Shortly after the Board issued this decision, the trial court granted Petitioner's petition for habeas corpus. *Id.* at 188.

On August 23, 2022, "due to [Petitioner's] conviction at Dauphin County . . . being vacated," the Board issued a decision rescinding its recommitment orders for Petitioner's rape conviction, changing the parole violation maximum date, and providing the reason it denied Petitioner credit for time spent at liberty on parole was that his New Jersey robbery conviction involved possession of a weapon. *Id.* at 195 (capitalization omitted).

Petitioner filed a counseled request for administrative relief challenging the Board's August 23, 2022 decision, particularly the Board's reason for denying credit for time spent at liberty on parole. *Id.* at 199-200. On January 19, 2023, the Board mailed an order that reaffirmed its August 23, 2022 decision to recommit Petitioner as a CPV, but changed its reason for denying credit. Specifically, the Board indicated it denied Petitioner credit for time spent at liberty on parole because Petitioner absconded while on parole supervision. *Id.* at 201. On January 12, 2023, the Board dismissed Petitioner's request for administrative relief as moot. *Id.* at 203.

Petitioner submitted another counseled request for administrative relief challenging the January 19, 2023 order. *Id.* at 204-06. On February 16, 2023, the Board denied Petitioner's request for administrative relief by affirming the January 19, 2023 decision. *Id.* at 208-10. This appeal followed.

3

Petitioner filed a Petition for Review of the Board's February 16, 2023 denial of his administrative appeal. In his Petition for Review, Petitioner takes issue with the Board's reason for denying him credit for time spent at liberty on parole. Petitioner requests this Court vacate the Board's February 16, 2023 order and remand to the Board to award Petitioner credit for time spent at liberty on parole.

## II. Discussion

This Court reviews a decision of the Board denying a parolee's request for administrative relief to determine whether substantial evidence supports the Board's necessary findings of fact, whether the Board committed an error of law, and whether the Board violated a parolee's constitutional rights. *McNally v. Pa. Bd. of Prob. & Parole*, 940 A.2d 1289 (Pa. Cmwlth. 2008). When presented with a question of law, our standard of review is *de novo*, and our scope of review is plenary. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017). In other words, in considering the proper meaning of a given rule of law on appeal, we do not defer to the Board's own conclusions of law, and we review the entire record with a fresh pair of eyes. Where the law grants the Board discretion, we also review for an abuse of that discretion. *See Pittman*, 159 A.3d at 474. An abuse of discretion occurs when "the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record." *Id.* (quoting *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006)).

With our standard of review in mind, we address Petitioner's challenge to the Board denying him credit for time spent at liberty on parole. The Prisons and Parole Code[1] (Parole Code) provides if a parolee under the Board's jurisdiction who, during the period of parole, "commits a crime punishable by imprisonment, for which the

---

[1] 61 Pa.C.S. §§ 101-7301.

4

offender is convicted or found guilty by a judge or jury or to which the offender pleads guilty or nolo contendere," the Board may, in its discretion, recommit the offender as a parole violator. 61 Pa.C.S. § 6138(a)(1). If the Board decides to recommit a parolee as a CPV, as it did with Petitioner, "the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole." *Id.* § 6138(a)(2). Paragraph 2.1 of Section 6138(a) of the Parole Code sets forth that the Board "may, **in its discretion**, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole." *Id.* § 6138(a)(2.1) (emphasis added).

Our Supreme Court has held that when the Board exercises its discretion under Section 6138(a)(2.1) of the Parole Code, "the Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Pittman*, 159 A.3d at 474. *Pittman* requires the Board to articulate a reason for denying credit for time spent at liberty on parole because "an appellate court hearing the matter must have [a] method to assess the Board's exercise of discretion." *Id.*

Accordingly, our task is to evaluate whether the Board abused its discretion by denying Petitioner credit for time he spent at liberty on parole. This Court has explained that, generally, the Board's reasons must be "accurate and related to the parolee's offenses." *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 650 (Pa. Cmwlth. 2018). Further, the Board's reasons must be "documented by the record." *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019).

Here, the Board articulated the reason it denied Petitioner credit for time spent at liberty on parole was that Petitioner had absconded from parole supervision. C.R.

5

at 208. This Court has held absconding while on parole supervision is a legitimate reason to deny credit to a CPV. *See, e.g.*, *Laffey v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 16 C.D. 2020, filed Oct. 14, 2020); *King v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 875 C.D. 2019, filed Nov. 10, 2020).[2] The record shows Petitioner absconded from supervision on March 17, 2015, and the Board declared him delinquent as a result. C.R. at 79. The January 23, 2021 Revocation Hearing Report indicates Petitioner absconded while on parole supervision. *Id.* at 148. The Board followed *Pittman* by supplying a rationale for its decision to deny Petitioner credit for time spent at liberty on parole, which rationale was accurate, related to the offense, not unreasonable, and supported by the record.

### III. Conclusion

The Board appropriately applied the Parole Code and followed *Pittman* by supplying the requisite rationale for its decision to deny Petitioner credit for time spent at liberty on parole. Accordingly, we conclude the Board did not commit an error of law or abuse its discretion, and we affirm the Board's order.

_____
STACY WALLACE, Judge

---

[2] Under Section 414(a) of this Court's Internal Operating Procedures, an unpublished memorandum opinion, although not binding precedent, may be cited for its persuasive value. 210 Pa. Code § 69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Luis Rodriguez,         :
                 Petitioner    :
                           :
       v.                      : No. 171 C.D. 2023
                           :
Pennsylvania Parole Board,      :
                Respondent   :

## **O R D E R**

**AND NOW**, this 14th day of March 2024, the February 16, 2023 order of the Pennsylvania Parole Board is **AFFIRMED**.


                                 _____
                                 STACY WALLACE, Judge