IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Calvin Haines,                          :
                    Petitioner          :
                                        :
          v.                            :
                                        :
Pennsylvania Parole Board,              :    No. 1066 C.D. 2020
                    Respondent          :    Submitted: April 30, 2021


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED: August 20, 2021


          Calvin Haines (Haines) petitions for review of a determination by the
Pennsylvania Parole Board (Board). Haines asserts that the Board improperly
refused sentence credit for his time spent in custody on the Board's detainer. Haines
further asserts that the Board failed to proffer a sufficient reason to deny sentence
credit for his time spent at liberty on parole. Upon review, we affirm in part and
vacate and remand in part.


**I. Background**

          In 2009, Haines was convicted of several criminal offenses committed
at age 15, including robbery with threat of immediate serious injury, a first degree
felony. Certified Record (C.R.) at 1-2, 12 & 37. His minimum sentence date was
August 7, 2016, and his maximum sentence date was August 7, 2024. *Id.* at 1.

In December 2016, the Board granted parole. C.R. at 5. Haines was released on January 12, 2017. *Id.* at 8 & 18. At that time, Haines had 2,764 days remaining on his original sentence. *Id.* at 51 & 66.

On January 23, 2019, Haines was arrested on new criminal charges after selling cocaine to a confidential police informant on four occasions between October and November of 2018. C.R. at 17 & 20. As a result of the new criminal charges, the Board lodged a detainer against Haines as a parole violator on the arrest date. *Id.* at 18. Haines ultimately pleaded guilty to one count of felony possession of a controlled substance with intent to deliver, and the remaining new charges were dropped. *Id.* at 19-20. Haines did not post bail on the new charges and therefore remained in custody on both the Board's detainer and the new charges until his new conviction and sentencing on September 17, 2019. *Id.* at 19, 42 & 66.

Following Haines's sentencing on his new conviction, the Board scheduled a parole revocation hearing in relation to Haines's original sentence. C.R. at 23. Haines waived the revocation hearing. *Id.* at 24-25. The assigned hearing examiner recommended denial of sentence credit for Haines's time spent at liberty on parole, based on Haines's original conviction for a violent crime and his new conviction for "multiple drug sales." *Id.* at 31 & 65.

The Board recommitted Haines to serve 18 months of backtime[1] as a convicted parole violator. C.R. at 53. The Board concurred with the hearing examiner's reasoning and denied sentence credit for Haines's time spent at liberty on parole. *Id.* at 31. Adding the 2,764 days remaining on Haines's original sentence

---

[1] "Backtime" is unserved time remaining on a parolee's sentence, which the Board may require a parolee to serve as a result of violating the terms of parole. *See* 61 Pa. C.S. § 6138(a)(5); 37 Pa. Code § 61.1.

at the time of his parole, the Board recalculated Haines's maximum sentence date as June 7, 2027. *Id.* at 51 & 66.

Haines sought review by the Board, requesting credit toward his original sentence for his time spent in custody on the Board's detainer and his time spent at liberty on parole. C.R. at 55-60. The Board affirmed its prior decision and denied both sentence credit requests. *Id.* at 65-67. Haines then petitioned for review in this Court.

## II. Issues

Before this Court,[2] Haines contends that the Board erred in its recalculation of the maximum sentence date on his original sentence. He argues that the Board should have credited toward his original sentence the time Haines spent in custody between the date of his arrest on the new charges and his conviction and sentencing arising from his guilty plea on one of the new charges. He further asserts that the Board failed to proffer an adequate reason for denying credit against his original sentence for his time spent at liberty on parole prior to his arrest on the new charges.[3]

---

[2] Our review of a determination by the Pennsylvania Parole Board (Board) in a parole revocation matter is limited to determining whether constitutional rights were violated, the decision is in accordance with law, or necessary findings of fact are supported by substantial evidence. *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 647 n.2 (Pa. Cmwlth. 2018), *aff'd after remand*, 241 A.3d 107 (Pa. Cmwlth. 2020) (Tables), *appeal denied*, ___ A.3d ___ (Pa., No. 428 EAL 2020, filed Apr. 21, 2021) (quoting *Kerak v. Pa. Bd. of Prob. & Parole*, 153 A.3d 1134, 1138 n.9 (Pa. Cmwlth. 2016)).

[3] Haines also argued to the Board that 18 months of backtime was excessive for various reasons including the Board's failure to determine whether Haines posed a risk to the community, Haines's age, the nature of his new offense, his parole history, his need for treatment, his "bad decision" made at "a very rough point," and the needs of his infant son. C.R. at 58-59. He has not reasserted those issues before this Court.

### III. Discussion

### A. Credit for Time in Custody on the Board's Detainer

Haines contends that the Board should have credited against his original sentence the time he spent in custody between the date of his arrest and the date of his conviction and sentencing on the new charge to which he pleaded guilty. We disagree.

Under settled Pennsylvania law, where a parolee is held in police custody based solely on a detainer issued by the Board, the parolee is entitled to credit against the remainder of his sentence for the time he spends in custody on the Board's detainer. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). However, where the Board's detainer is based on the parolee's arrest on new criminal charges and the parolee is held in custody based on the new charges as well as the Board's detainer, the time spent in custody awaiting disposition of the new charges is credited first toward any sentence arising from the new charges. *Id.*

Here, Haines failed to post bail following his arrest on the new charges. C.R. at 66. Therefore, he remained in custody on both the new charges and the Board's detainer. Under *Gaito*, that time spent in custody must be credited toward his new sentence rather than his original sentence. 412 A.2d at 571.

Haines acknowledges the Pennsylvania Supreme Court's holding in *Gaito* but suggests that case was wrongly reasoned. Br. of Pet'r at 10 & 16-17. Contrary to Haines's suggestion, this Court is not free to ignore binding precedent of our Supreme Court. *See Allegheny Reprod. Health Ctr. v. Pa. Dep't of Hum. Servs.*, 249 A.3d 598, 609 (Pa. Cmwlth. 2021) (citing *Zauflik v. Pennsbury Sch. Dist.*, 72 A.3d 773, 783 (Pa. Cmwlth. 2013)). Moreover, Haines fails to offer any persuasive reason why he should receive credit against his original sentence, rather

than his new sentence, for time spent in custody while awaiting disposition of the criminal charges that led to the new sentence. The holding of *Gaito* does not deny a parolee credit for time spent in custody on a Board detainer while also awaiting disposition of new charges; it merely requires such time to be credited first against the new sentence, if any, rather than the original sentence. 412 A.2d at 571. Accordingly, and consistent with the holding of *Gaito*, we conclude that the Board did not err in refusing to credit toward Haines's original sentence his time spent in custody between his arrest on the new charges on January 23, 2019 and his new conviction and sentencing on September 17, 2019.

## B. Credit for Time Spent at Liberty on Parole

Haines further asserts that the Board failed to provide an adequate reason for refusing to award sentence credit for his time spent at liberty on parole prior to his arrest on the new charges. We discern merit in this argument.

Upon recommitment of a parolee, the Board has statutory discretion to award sentence credit for time spent at liberty on parole. 61 Pa. C.S. § 6138(a)(2.1). However, even though this credit is discretionary, due process considerations require that the Board offer a reason when it declines to award such credit. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 474-75 (Pa. 2017). The Board need not provide a lengthy explanation of its reasoning, and a single sentence will often suffice. *Id.* at 475 n.12. At a minimum, however, the reason offered must be accurate and relate to the inmate's offenses, in order to allow a reviewing court to assess the Board's exercise of its discretion. *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 647 n.2 (Pa. Cmwlth. 2018), *aff'd after remand*, 241 A.3d 107 (Pa. Cmwlth. 2020) (Tables), *appeal denied*, ___ A.3d ___ (Pa., No. 428 EAL 2020, filed

5

Apr. 21, 2021) (citing *Pittman*, 159 A.3d at 474, and quoting *Fisler v. State Sys. of Higher Educ., Cal. Univ. of Pa.*, 78 A.3d 30, 41 (Pa. Cmwlth. 2013), and *Peak v. Unemployment Comp. Bd. of Rev.*, 501 A.2d 1383, 1389 (Pa. 1985)).

Here, both the recommendation of the hearing examiner and the determination of the Board indicate that sentence credit for Haines's time at liberty on parole was denied because Haines's original conviction was for a violent crime and he incurred a new felony conviction for "multiple drug sales." C.R. at 31 & 65. Haines points out, however, that although he was charged with separate new offenses relating to each drug sale to a confidential informant, his guilty plea and subsequent conviction related only to a single count of possession with intent to deliver, and all other charges were dropped. Br. of Pet'r at 13-14; *see* C.R. at 19-20. Thus, he asserts that the Board's proffered reason for denying credit, a new felony conviction for multiple drug sales, does not accurately reflect the record.[4]

The Board disputes Haines's interpretation of the Board's stated reason for denying sentence credit. The Board argues that it accurately stated Haines incurred a new, singular "conviction" and that Haines was accused of multiple drug

---

[4] Our review of the record reveals that the Board also based its denial of sentence credit on the purportedly "serious/assaultive" nature of Haines's new crime. C.R. at 34. In response to Haines's administrative appeal of his sentence recalculation, the Board corrected its determination by eliminating that stated reason for credit denial and simply stating that the remaining reasons were adequate to support the denial of sentence credit. *Id.* at 65 n.1 & 69.

We also observe that the hearing examiner's Revocation Hearing Report to the Board inaccurately stated Haines's overall adjustment to supervision while on parole was "marginal." C.R. at 30. Haines's supervision history actually reported that his adjustment to supervision was "acceptable" up to the time of his arrest on the new charges. *Id.* at 27. The Board did not include Haines's supervision history in its reasons for denying sentence credit, but did state that Haines was "[n]ot amenable to parole supervision" as among the reasons for its recommitment decision. *Id.* at 34. Thus, it is unclear whether the inaccuracy in the hearing examiner's report regarding Haines's adjustment to supervision influenced the Board's decision to deny sentence credit.

6

sales. Br. of Bd. at 7. Thus, the Board maintains that its proffered reasons for denying sentence credit were accurate.

We are unable to agree with the Board's assertion. Its stated reason did not clearly indicate whether it based the denial of sentence credit on a correct statement that there was one new felony conviction or on an erroneous statement that Haines was convicted of multiple drug sales. Moreover, our analysis in *Marshall* applies equally here:

> [O]ther than reference to a felony conviction, the Board's stated reason does not contain any facts that relate to this parolee. The significance of the "drug-related" modifier of crime is also unclear from this record. The record does not indicate that his prior conviction was drug related, or otherwise suggest recidivism. As to the commission of a felony while on parole, the commission of a felony could be one of the factors that the Board considers when exercising its discretion to award or withhold credit; however, standing alone, the commission of a felony is an insufficient articulation of the Board's reasoning.

> Our task here is to evaluate whether the Board abused its discretion in denying . . . credit for . . . street time for conviction of a drug-related felony. The Board's articulated reason simply restates the conviction without an individual assessment of the facts surrounding [the] parole revocation. Without further explication of the stated reason, the Board's reason for denying . . . credit is not amenable to appellate review.

200 A.3d at 651 (citations omitted). With regard to Haines, we are similarly unable to discern whether the Board's stated reasons accurately reflected the information in the record, and the Board has, as in *Marshall*, provided an insufficient explanation to permit meaningful review by this Court.

7

Where the Board has failed to provide an adequate reason for a determination to deny sentence credit for time spent at liberty on parole, the appropriate remedy is to allow the Board an opportunity to offer an appropriate reason for its decision. *Marshall*, 200 A.3d at 651; *see* Br. of Bd. at 7. We therefore conclude that a remand to the Board is necessary for the limited purpose of allowing the Board to proffer an accurate and sufficient reason for denying sentence credit to Haines for his time spent at liberty on parole, in compliance with the parameters set forth in *Marshall*:

> On remand, the Board should articulate with reasonable clarity its reasons for decision, and identify the significance of the crucial facts. *Gruzinski v. Dep't of Pub. Welfare*, 731 A.2d 246, 251 n.14 (Pa. Cmwlth. 1997). The Board's credit decision should contain sufficient facts related to the parolee to ensure the decision is not arbitrary. *Barge v. Pa. Bd. of Prob. & Parole*, 39 A.3d 530, 548 (Pa. Cmwlth. 2012). The Board's statement of reasons should be informed by aggravating and mitigating circumstances and account for the parolee's individual circumstances. Similar considerations guide a trial court's reasons in the sentencing context. *Accord Commonwealth v. Riggins*, . . . 377 A.2d 140 ([Pa.] 1977) (vacating sentence and remanding to trial court for resentencing that states reasons for the particular sentence imposed). At a minimum, the Board's statement of reasons must accurately reflect the facts informing its decision.

*Marshall*, 200 A.3d at 652 (internal quotation marks omitted).

### IV. Conclusion

Based on the foregoing discussion, we affirm the Board's denial of credit toward Haines's original sentence for time spent in custody between the date of his arrest on new charges on January 23, 2019 and the date of his conviction and sentencing on a new charge on September 17, 2019. We vacate that portion of the

8

Board's decision denying sentence credit for Haines's time spent at liberty on parole prior to his arrest on the new charges, and we remand this matter to the Board for an accurate and sufficient statement of its reasons for granting or denying sentence credit.

_____

CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Calvin Haines, :
         Petitioner :
  :
    v. :
  :
Pennsylvania Parole Board, : No. 1066 C.D. 2020
         Respondent :

O R D E R

AND NOW, this 20th day of August, 2021, the Pennsylvania Parole Board's (Board's) denial of credit toward the 2009 sentence of Petitioner, Calvin Haines (Haines), for time spent in custody between the date of Haines's arrest on new criminal charges on January 23, 2019 and the date of his conviction and sentencing in relation to one of the new charges on September 17, 2019 is AFFIRMED. The Board's denial of sentence credit for Haines's time spent at liberty on parole prior to his arrest on the new charges is VACATED, and this matter is REMANDED to the Board for an accurate and sufficient statement of its reasons for granting or denying sentence credit.

Jurisdiction is relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge