IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ramir Johnson,                          :
                           Petitioner   :
                                        :
        v.                              :  No.  68 C.D. 2021
                                        :  Submitted:  June 11, 2021
Pennsylvania Parole Board,              :
                           Respondent   :


BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                      FILED:  September 16, 2021


        Ramir Johnson (Johnson) petitions for review of an order of the Pennsylvania Parole Board (Board), which denied his administrative appeal of the Board's June 19, 2020 decision that recommitted him to serve 18 months' backtime in a state correctional institution (SCI) as a convicted parole violator (CPV) and awarded only partial credit for the time he spent at liberty on parole because of the felony nature of his new conviction/violent instant offenses.  Johnson contends that the Board abused its discretion by providing both insufficient and erroneous contemporaneous reasons for its denial of full credit for time he spent at liberty on parole.  For the following reasons, we affirm in part, vacate in part, and remand.

        In 2003, Johnson pled guilty in the Court of Common Pleas of Philadelphia County (trial court) to robbery, possessing an instrument of crime, and

criminal conspiracy/robbery, and was found guilty of violating his probation for the manufacture, sale, or delivery or possession with intent to deliver a controlled substance. Certified Record (C.R.) at 1. As a result, he was sentenced to 9 to 18 years of imprisonment for robbery, possessing an instrument of a crime, and the probation violation, along with an underlapping concurrent sentence of 7 to 14 years for criminal conspiracy/robbery and the probation violation. *Id.* at 1-4. His original maximum sentence date was February 2, 2020. *Id.* at 1, 3. Johnson's sentence status summary sheet indicated a New Jersey detainer was lodged on April 1, 2005, for violating his probation. *Id.* at 2.

On March 26, 2012, Johnson was paroled to his New Jersey detainer. C.R. at 4, 7-8, 11. Upon release from the New Jersey detainer, he reported to Liberty Management Services, a community corrections facility,[1] on July 30, 2012, and was thereafter released to an approved residence on October 1, 2012. *Id.* at 8, 11, 13.

On February 21, 2019, Johnson was arrested by the Philadelphia Police Department for criminal conspiracy, burglary – overnight accommodation/no person present, criminal trespass, theft by unlawful taking, theft by receiving stolen property, possessing an instrument of crime, and criminal mischief. C.R. at 13-16. The Board lodged a warrant to commit and detain Johnson on the same day. *Id.* at 12. On February 22, 2019, monetary bail was set at $10,000, which Johnson did not post, and he remained incarcerated at Philadelphia County Prison. *Id.* at 14, 50.

On March 6, 2019, the Board provided Johnson with a notice of charges and hearing based on his new criminal charges. C.R. at 17. Counsel entered an appearance on Johnson's behalf, and a detention hearing was held on March 19,

---

[1] Johnson reported to Liberty Management Services as a special condition of his parole. Certified Record (C.R.) at 11.

2019.[2] *Id.* at 19, 20-24. Following the hearing, the Board issued a decision, recorded on April 1, 2019, to detain Johnson pending the disposition of his criminal charges. *Id.* at 25.

On August 1, 2019, Johnson was found guilty of burglary – overnight accommodation/no person present (count 1), a first-degree felony; criminal trespass – breaking into structure (count 2), a second-degree felony; theft by unlawful taking – movable property (count 3), a third-degree misdemeanor; receiving stolen property (count 4), a third-degree misdemeanor; possessing an instrument of crime with intent (count 5), a first-degree misdemeanor; and criminal mischief – damage property (count 6), a third-degree misdemeanor. C.R. at 31-32, 51-52. On October 7, 2019, the trial court sentenced Johnson to serve 11 months, 15 days to 23 months and a maximum of 3 years of probation for counts 1, 2, and 5 with all sentences to run concurrently. *Id.*

After his sentencing on the new criminal charges, Johnson requested a panel revocation hearing before the Board. C.R. at 35-36. The Board thereafter provided Johnson with another notice of charges and hearing on December 13, 2019, indicating, among other things, that it received official verification of Johnson's new convictions on November 7, 2019, and that a panel revocation hearing was scheduled for December 18, 2019. *Id.* at 33-34. The panel revocation hearing was held on that date,[3] at which Johnson appeared and was represented by counsel. *Id.* at 37, 39; *see also* Supplemental Certified Record (S.C.R.) at 1, 5.

---

[2] The certified record does not contain a transcript of this hearing.
[3] Although the hearing transcript states that the hearing was held on December 12, 2019, it appears that the hearing was actually held on December 18, 2019, as indicated in the Board's panel revocation hearing report and the hearing transcript. *See* C.R. at 39; *see also* Supplemental Certified Record (S.C.R.) at 1, 5.

3

At the hearing, Johnson's counsel initially objected to the timeliness of the revocation hearing, which the Hearing Examiner overruled on the basis that official verification of Johnson's new convictions was not received until November 7, 2019, thus making the hearing timely. S.C.R. at 7-8. Johnson's parole agent then testified as to his new convictions and sentence, and sought to present certification of proof of conviction and "a copy of the police report and criminal arrest." *Id.* at 10. Counsel then objected to entry of the police report into the record on relevancy and hearsay grounds, which the Hearing Examiner sustained. *Id.* at 11. Counsel then stated that Johnson acknowledged his convictions. *Id.* Counsel proceeded to question Johnson about his supervision history. Johnson testified that he was doing well on supervision up until his arrest, and that he simply "made the stupidest [sic] decision in [his] life" because he thought the building he burglarized was abandoned. *Id.* at 14-15.

Following the hearing, on January 7, 2020, the second Board Member signed the panel revocation hearing report adopting the Hearing Examiner's recommendation that Johnson be recommitted as a CPV for 18 months and that he only be given partial credit for his street time "due to his fair adjustment to supervision over the course of over 6 years."[4] C.R. at 43, 45. The Hearing Examiner also recommended that Johnson be denied full credit beginning on the date of his first documented sanction forward, "[d]ue to the felony nature of the new conviction, drug use while under supervision, and the violent nature of his instant offenses[.]" *Id.* at 43.

---

[4] As summarized in the panel revocation hearing report, Johnson was on parole for seven years; did not have any prior technical parole violations; went to school, obtained a license for employment, went back to school to study holistic health, and planned to open a wellness center upon his release; and was active in his two children's lives. C.R. at 41.

4

Thereafter, on January 21, 2020, the trial court granted Johnson's request for early release on parole as to his new Philadelphia County sentence, and he was returned to the Board's custody. C.R. at 54, 56. By decision mailed on June 19, 2020 (recorded on March 9, 2020), the Board recommitted Johnson to an SCI as a CPV to serve 18 months' backtime. *Id.* at 58-59. In so doing, the Board exercised its discretion and awarded Johnson partial credit for the time he spent at liberty on parole because of the "felony nature of the new conviction/violent instant offenses." *Id.* at 59. The Board recalculated Johnson's maximum sentence date as May 8, 2026. *Id.* at 56-58.

Johnson filed a *pro se* administrative remedies form, which the Board received on July 22, 2020,[5] challenging the timeliness of the revocation hearing, the Board's stated reasons for denying full credit, and the Board's recalculation of his maximum sentence date without any credit for his time spent in presentence confinement. C.R. at 60-65.

By decision mailed on January 6, 2021, the Board denied Johnson's request for administrative relief and affirmed its June 19, 2020 decision. C.R. at 74-76. In doing so, the Board first explained that because Johnson was still in county custody at the time he was convicted and was thereafter serving his new Philadelphia County sentence when he requested a panel revocation hearing, and thus was outside of the Board's jurisdiction, the Board was authorized to defer the revocation hearing until Johnson returned to an SCI. *Id.* at 74 (citing 37 Pa. Code § 71.5(e)). The Board further explained that it transported Johnson from the Philadelphia County Prison to

---

[5] While it appears that Johnson's administrative appeal was untimely, the record indicates that it was postmarked on July 17, 2020, and that it was therefore timely pursuant to the prisoner mailbox rule. C.R. at 65. It is well settled that the prisoner mailbox rule applies to all appeals filed by pro se prisoners. *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997).

SCI-Phoenix for his revocation hearing. Johnson completed his new Philadelphia County sentence on January 21, 2020, and was permanently returned to an SCI on January 29, 2020. Therefore, the revocation hearing was timely. *Id.* at 74.

The Board next explained that the decision to recommit Johnson as a CPV gave it statutory authority to recalculate his maximum date to reflect that he received partial credit for the time he spent at liberty on parole. C.R. at 74-75. The Board noted the Hearing Examiner's recommendation in this case that "[d]ue to the felony nature of the new conviction, drug use while under supervision, and the violent nature of his instant offenses[,] he should not be given full credit[,]" and stated that it adopted that recommendation and reasoning in its decision. *Id.* at 75. Therefore, according to the Board, its reason for denying full credit is sufficient.

Finally, the Board explained its recalculation of Johnson's maximum sentence date as follows. Johnson was paroled from his original sentence on March 26, 2012, with a maximum sentence date of February 2, 2020. C.R. at 75. Johnson therefore had 2,869 days remaining on his original sentence when he was paroled. *Id.* The Board, in its order to recommit, awarded Johnson partial credit for 569 days he spent at liberty on parole from March 26, 2012, through October 16, 2013,[6] and subtracting those days from 2,869 left him with 2,300 days remaining on his original sentence. The Board lodged its detainer against Johnson on February 21, 2019, and he was arrested by Philadelphia authorities on the new charges on February 22, 2019, and did not post bail. The Board thus gave Johnson credit for that one day he spent confined solely on the Board's warrant, resulting in 2,299 days remaining on his original sentence. Johnson was not entitled to any other presentence confinement time on his original sentence because he was held on both the Board's warrant and

---

[6] On October 16, 2013, Johnson failed a drug test, and his "reporting and curfew was increased." C.R. at 13.

the new charges, and he did not post bail; thus, any other presentence time would have to be credited to his new county sentence. Pursuant to Section 6138(a)(5) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. § 6138(a)(5),[7] a parolee who is released from an SCI and receives a new sentence to be served in a county prison must serve the new sentence first. Because of this, the Board explained, Johnson was not available to begin serving his original sentence until he was paroled from his Philadelphia County sentence on January 21, 2020, and adding 2,299 days to that availability date yielded the recalculated maximum sentence date of May 8, 2026. *Id.* at 75. The Board therefore determined it did not err in recalculating Johnson's maximum date. Johnson petitioned this Court for review of the Board's decision.[8]

---

[7] Section 6138(a)(5) states as follows:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
> 
> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
> 
> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
> 
> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. § 6138(a)(5).

[8] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

7

On appeal, Johnson raises essentially one issue.[9] He argues that the Board abused its discretion[10] by not awarding him full credit for the time he spent at liberty on parole because the Board did not articulate a sufficient contemporaneous reason to support its decision. Specifically, he argues that the Board's stated reasons of "new charges serious/assaultive" and "violent instant offense" are not sufficient contemporaneous reasons to support its decision, as they are "far from an individual[ized] assessment" of the facts and circumstances surrounding Johnson's parole revocation. Johnson's Brief at 10. He further claims that the Board's stated reason that his new conviction for burglary is violent is erroneous because burglary – overnight accommodation/***no person present*** is not a violent offense. *Id.* at 13. Johnson additionally contends that neither the burglary conviction nor any of the other crimes of which he was newly convicted are assaultive in nature. *Id.* As such, Johnson argues, the Board abused its discretion by denying full credit on these bases.

The Board responds that it did not deny Johnson credit because his new convictions were assaultive in nature, which it asserts was actually one of its reasons for recommitting Johnson as a CPV.[11] Rather, it denied full credit to Johnson because of the "felony nature of the new conviction/violent instant offenses." Board's Brief at 9 (citing C.R. at 58-59). It then explains that denying credit on

---

[9] We have combined the two issues Johnson raises in his brief for brevity and clarity. We also note that Johnson has abandoned, on appeal to this Court, the other issues he previously raised in his administrative appeal. We therefore do not address them.

[10] "An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record." *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006).

[11] The Board then concedes, however, that Johnson's new convictions were not assaultive in nature, but that "they were in fact very serious offenses," and, therefore, the Board did not abuse its discretion by listing the assaultive nature of the offenses as a reason for recommitting Johnson. Board's Brief at 9, n.1. Given the Board's concession in this regard, we do not address the purported "assaultive" nature of any of Johnson's new convictions further.

those bases is sufficient, because Johnson was convicted of burglary – overnight accommodation/no person present, which is a first-degree felony, while he was on parole for an "undoubtedly" violent offense, *i.e.*, robbery. *Id.* at 11. The Board points out that the panel revocation hearing report lists other reasons for its decision, including the felony nature of the new conviction, "drug use while under supervision," and the violent nature of his instant offenses. *Id.* Thus, the Board claims it provided an individualized reason for denying Johnson full credit, in that it awarded Johnson partial credit from the time he was paroled until the time he was first sanctioned for drug use. *Id.* at 11-12 (citing C.R. at 39-47). The Board also points out that Johnson failed two drug tests while on parole. *Id.* at 12.

Initially, we note that Johnson's counsel specifically refers to and argues the incorrect reason for the Board's denial of credit in Johnson's brief. He refers to "new charges serious/assaultive," which, as the Board stated, is one of the three reasons the Board gave for its decision **to recommit** Johnson as a CPV. *See* C.R. at 58. The Board's stated reason for **denying credit**, however, was "felony nature of the new conviction/violent instant offenses." *Id.* at 59. Because we are able to discern Johnson's argument as it relates to the Board's actual reason for denying credit, as he raised the issue citing the correct reason in his administrative appeal to the Board, and because the Board acknowledges the mistake in its brief and explains its reasoning for its grant of partial credit nonetheless, we will address the issue as raised by Johnson in his administrative appeal.

Section 6138(a)(2.1) of the Parole Code, 61 Pa. C.S. § 6138(a)(2.1), sets forth guidelines for the Board's discretionary power in granting and denying credit for time spent at liberty on parole and provides:

9

The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2)[12] for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138(a)(2.1).

In *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017), our Supreme Court observed that Section 6138(a)(2.1) of the Parole Code "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence." When exercising its discretion to deny credit for time spent at liberty on parole, however, the Board must provide a "contemporaneous statement" explaining its rationale. *Id.* at 475. The Board's explanation need not be extensive, and "a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12. This allows the appellate court reviewing the matter to have a "method to assess the Board's exercise of discretion." *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 651 (Pa. Cmwlth. 2018). To

---

[12] Section 6138(a)(2) of the Parole Code provides, in relevant part: "If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole." 61 Pa. C.S. § 6138(a)(2).

We note that various sections of the Parole Code, including Section 6138(a)(2) and (2.1), have recently been amended by the Act of June 30, 2021, P.L. __, No. 59. We nevertheless quote the language of those sections that was in effect at the time the Board rendered its decision in this matter.

10

meet the standard, "[t]he Board's credit decision should contain sufficient facts related to the parolee 'to ensure the decision is not arbitrary[,]'" and its "statement of reasons should be informed by aggravating and mitigating circumstances and account for the parolee's individual circumstances[,]" and, "[a]t a minimum, . . . must accurately reflect the facts informing its decision." *Id.* at 652. In addition to accuracy, we have also considered whether the Board's stated reason "is documented in the record and affords the parolee notice of the specific acts being referenced." *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019), *appeal denied*, 222 A.3d 1130 (Pa. 2020).

Johnson cites to *Marshall*, 200 A.3d 643, in apparent support of his claim that the Board abused its discretion in this case. In *Marshall*, the Board denied the parolee credit for the nearly nine years he spent at liberty on parole based on "felony drug[-]related crimes." *Id.* at 647. The parolee challenged the Board's stated reason for denying him credit because the Board did so without conducting an individual assessment of the facts and circumstances relating to his parole revocation. We agreed with the parolee and determined that the Board's stated reason for denying credit was insufficient and inaccurate on three bases. First, the parolee was convicted of one drug crime; thus, the Board's statement that there were "crimes" was inaccurate. Second, the Board did not address why it was denying the parolee almost nine years of street time credit, a period of time that was longer than the sentence the parolee received for the new conviction. Third, the Board's notation of the crime as a felony, "standing alone," without any other facts relating to the parolee,[13] was "an insufficient articulation of" a reason to deny credit. *Id.* at 651.

---

[13] We also pointed out that the Board's use of the "the 'drug-related' modifier" of the crime was unclear, as nothing in the record indicated that the parolee's prior conviction was drug related. *Marshall v. Pennsylvania Board of Probation & Parole*, 200 A.3d 643, 651 (Pa. Cmwlth. 2018).

11

Accordingly, "we remand[ed] to the Board for the limited purpose of explaining its exercise of discretion in its credit determination, and to correct any error in exercising that discretion based on the facts and circumstances of [the parolee's] parole revocation." *Id.* at 651-52 (footnote omitted). We further explained that, "[o]n remand, the Board should 'articulate with reasonable clarity its reasons for [its] decision, and identify the significance of the crucial facts'" in order to ensure the decision is not arbitrary. *Id.* at 652. Further, we stated that, "[a]t a minimum, the Board's statement of reasons must accurately reflect the facts informing its decision." *Id.* Johnson claims that his case is similar to *Marshall*, in that the Board did not conduct an individualized assessment of the facts and circumstances surrounding his parole revocation and that part of the reason provided is plainly inaccurate. We agree.

In this case, the Board's stated reason in its June 19, 2020 decision for awarding only partial credit to Johnson for the time that he spent at liberty on parole was: "felony nature of the new conviction/violent instant offenses." C.R. at 59. Much like the reason given in *Marshall*, the first part of the Board's stated reason in this case, "felony nature of the new conviction," does not contain any facts that relate to Johnson other than referencing that apparently one or more of Johnson's new convictions (without identifying which) was a felony, or otherwise include any individualized assessment of the circumstances pertaining to Johnson's parole revocation. We stated in *Marshall* that:

> [a]s to the commission of a felony while on parole, the commission of a felony could be one of the factors that the Board considers when exercising its discretion to award or withhold credit; however, standing alone, the commission of a felony is an insufficient articulation of the Board's reasoning.

12

*Marshall*, 200 A.3d at 651. Indeed, the first part of the Board's reason here offers less information than the reason determined to be inadequate in *Marshall*, which at least indicated the type of crime of which Marshall was convicted ("drug-related"). We cannot say that the Board's stated reason of "felony nature of the new conviction," by itself, is sufficient.

As for the second part of the Board's reason, "violent instant offenses," we again note that Section 6138(a)(2.1) of the Parole Code provides the Board discretion to award credit to a CPV, except when the CPV is recommitted for one of the reasons stated in Section 6138(a)(2.1)(i)-(ii), including for a conviction for a crime of violence. Section 6138(a)(2.1)(i) defines "crime of violence" as one of the offenses listed in Section 9714(g) of the Judicial Code, 42 Pa. C.S. § 9714(g), which list is extensive and includes burglary.[14] However, Section 9714(g) of the Judicial Code provides only that burglary as set forth in Section 3502**(a)(1)** of the Crimes Code is considered to be a crime of violence. *See* 18 Pa. C.S. § 3502(a)(1) (consisting of two subsections dealing with burglary of a building or structure adapted for overnight accommodations **in which a person is present at the time of the offense**). Here, however, Johnson was convicted of burglary under Section 3502**(a)(2)** of the Crimes Code because no person was present at the time of the offense. 18 Pa. C.S. § 3502(a)(2) (providing that a person commits the offense of burglary if, among other things, he enters a building or structure adapted for overnight accommodations **in which *no person is present* at the time of the offense**). Johnson's new conviction for burglary, and the other offenses of which he was newly convicted, which we note are also not listed in Section 9714(g) of the Judicial Code, thus cannot be characterized as "violent instant offenses" for purposes

---

[14] The parties appear to focus on Johnson's burglary conviction.

of denying Johnson credit for over six years of street time. To the contrary, the record reveals that the circumstances surrounding Johnson's new convictions for the instant offenses, while undoubtedly serious, did not involve violence.[15] The criminal arrest and disposition report is the only document in the record that provides information about the details of the new criminal charges, and the limited information does not indicate violence. C.R. at 13-16. As such, the requirement that the Board provide an accurate reflection of the facts informing its decision has also not been met with regard to the second part of the Board's stated reason for denying full credit.

We acknowledge that the Board, in its January 6, 2021 decision, further explained its reasoning, stating that it adopted the entirety of the Hearing Examiner's recommendation, which relayed the following:

> This Hearing Examiner recommends that the inmate be given Partial Street Time Credit due to his fair adjustment to supervision over the course of over 6 years. Due to the felony nature of the new conviction, **drug use while under supervision**, and the violent nature of his instant offenses[,] he should not be given full credit. This Hearing Examiner recommends that he be credited time from his release of 3/26/2012 to 10/16/2013, the date of his first documented sanction. He should surrender the remaining time from 10/17/2013 forward.

C.R. at 75 (emphasis added) (citing *id.* at 43). Thus, the Board added an additional reason for denying Johnson full credit for his street time: "drug use while under supervision." *Id.* The Board did not include any facts pertaining to Johnson or

---

[15] The record provides that Johnson "in concert with another, with intent to commit a crime therein, unlawfully entered a building or occupied structure belonging to complainant . . . by force with a pry bar, damaging the front door, and took/attempted to take a Michael Kors watch, a laptop, and two boxes of shoes, amongst other things." C.R. at 14. There was no one present in the structure, as evidenced by the statutory section under which he was convicted. *Id.* at 50-51.

14

otherwise explain its addition of the drug-related reason in its decision. We therefore find this reason to be inconsistent with Johnson's record of compliance with parole supervision for nearly six years.

In its March 19, 2019 detention hearing report, the Hearing Examiner noted that Johnson's overall adjustment to supervision was fair and that he had "one positive urine in 2013 and after that no further issues with drugs/alcohol." C.R. at 22. The Hearing Examiner further noted that while Johnson moved on occasion, he earned a certificate in May 2014 "and immediately obtained employment . . . where he worked until February 2019." *Id.* at 22. Despite noting that Johnson's supervision "appears to have been positive with minimal issues," the Board nevertheless recommended that Johnson be detained due to the "nature of the open charges" against him, as well as the fact that he was on parole for the serious offenses of robbery and criminal conspiracy to commit robbery, and violated his probation for possessing an unidentified drug with intent to deliver. *Id.* at 23-24. The panel revocation hearing report also lists Johnson's overall adjustment under supervision to be fair, that he had no prior technical parole violation recommitments, that he was employed, that he was in school studying holistic health, and that he is active in his two children's lives. *Id.* at 41. We further point out that Johnson was sentenced to serve 11 months, 15 days to 23 months and a maximum of 3 years of probation on his new convictions, and that on January 21, 2020, just shy of 4 months after he began serving his new county sentence, the trial court granted Johnson's request for early release on parole. *Id.* at 31, 54, 56. As in *Marshall*, "it remains unclear how [Johnson's new convictions, while serious, warrant] denying credit for almost [six] years of street time, which is more than the sentence [Johnson] received for his new conviction[s]." *Marshall*, 200 A.3d at 650.

Although the Board has broad discretion to grant or deny credit for time spent at liberty on parole, its decision is subject to appellate review and must be reversed or vacated as an abuse of discretion where the Board has based its denial of credit on an erroneous premise. *Pittman*, 159 A.3d at 474-75 & n.12. While we acknowledge that the Board only partially denied credit in the instant case, as it plainly had discretion to do, the Board appears to have based its decision to deny Johnson credit for the remainder of his street time, at least in part, on the erroneous basis that Johnson's instant offenses were violent. We have previously remanded cases involving inaccurate contemporaneous statements because they have not "enable[d] this Court to assess the propriety of the Board's exercise of discretion." *See Baldwin v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 907 C.D. 2018, filed Apr. 2, 2019), slip op. at 7;[16] *Marshall*, 200 A.3d at 651-52. Although in the case *sub judice*, two other reasons were provided in the Board's response to Johnson's administrative appeal,[17] in addition to the inaccurate "violent instant offenses"

[16] *Baldwin*, an unreported opinion of this Court issued after January 15, 2008, is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[17] We note that in *Taylor v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 832 C.D. 2020, filed July 19, 2021), slip op. at 7-8, this Court rejected the parolee's claim "that the Board failed to provide a contemporaneous statement explaining its reason for denying [the parolee] full credit for the time he spent at liberty on parole" when the Board's recommitment order included a reason and its administrative response provided a more detailed explanation of the reason why the Board limited its grant of credit. *Taylor* is distinguishable from the instant case, however, because, in *Taylor*, there was no inaccuracy within the Board's stated contemporaneous reason. Moreover, the Board did include a reason, both in its recommitment order and in its response to the parolee's administrative appeal. *Taylor* is cited for its persuasive value. *See* 210 Pa. Code § 69.414(a).

In *Smoak v. Talaber*, 193 A.3d 1160 (Pa. Cmwlth. 2018), this Court determined that the Board's failure to provide *any* reason in its recommitment order for its decision to deny the parolee credit in that case was error, but that the Board's subsequent modification of its recommitment order to include its reason for denying the parolee credit corrected the error and negated the need for a remand in the case. In Johnson's case, however, we note that the Board never modified **(Footnote continued on next page…)**

reason, the Board's decision was still partially based on that inaccurate information. Moreover, the "felony nature of the new conviction" reason, standing on its own, is insufficient to support the denial of more than six years of street time as to this parolee. As such, this Court is unable to perform an adequate assessment of the Board's exercise of discretion under the circumstances of this case. Based on *Marshall* and *Pittman*, we therefore conclude that a remand is necessary.

Accordingly, we vacate the Board's order in part and remand this matter to the Board for the limited purpose of articulating reasons for its credit determination based on the facts and circumstances of Johnson's case. In all other respects, including the revocation of Johnson's parole, which Johnson does not challenge on appeal, the Board's decision is affirmed.

_____
J. ANDREW CROMPTON, Judge

---

and/or reissued its recommitment order to include the drug-related reason for denying Johnson full credit. *Smoak* is therefore distinguishable from Johnson's case as well.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ramir Johnson,                          :
                    Petitioner          :
                                        :
        v.                              :    No.  68 C.D. 2021
                                        :
Pennsylvania Parole Board,              :
                    Respondent          :


# **O R D E R**


**AND NOW**, this 16th day of September 2021, the order of the Pennsylvania Parole Board (Board) is **AFFIRMED IN PART**, as to the revocation of Ramir Johnson's (Johnson) parole, and **VACATED IN PART**, as to the Board's stated reason for awarding only partial credit for time Johnson spent at liberty on parole.  This matter is **REMANDED** to the Board to issue a new decision explaining its exercise of its discretion in its credit determination, as well as to correct any error in exercising that discretion, in accordance with the attached opinion.

Jurisdiction relinquished.


_____
J. ANDREW CROMPTON, Judge