## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yusef George,                          :
                    Petitioner         :
                                       :
          v.                           : No.  491 C.D. 2023
                                       : Submitted:  March 8, 2024
Pennsylvania Parole Board,             :
                    Respondent         :


BEFORE:     HONORABLE ANNE E. COVEY, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  April 16, 2024


        Yusef George (Petitioner) petitions for review of the April 21, 2023 order
(Order) of the Pennsylvania Parole Board (Board) affirming its decision recorded
December 22, 2023, that recommitted Petitioner as a convicted parole violator
(CPV) and denied him credit for time spent at liberty on parole.  Additionally,
Petitioner's appointed counsel, Kent D. Watkins, Esq. (Counsel) filed an Application
to Withdraw as Counsel (Application to Withdraw).  After review, we grant
Counsel's Application to Withdraw and, concluding the Board did not err or abuse
its discretion, we affirm the Board's Order.

## I. Factual and Procedural Background

The Board granted Petitioner parole from the State Correctional Institution (SCI) at Graterford where he was serving a sentence of three years and six months to eight years of incarceration for a drug offense conviction. Certified Record (C.R.) at 21. The Board granted Petitioner parole by order dated August 28, 2017, and released him on October 2, 2017. *Id.* On his date of release, Petitioner's parole violation maximum date was December 22, 2020. *Id.*

On May 21, 2020, police in Montgomery County arrested Petitioner on new drug charges. *Id.* at 28. The police transported Petitioner to Montgomery County Correctional Facility where he was held awaiting his preliminary hearing. *Id.* at 35. The Board issued its warrant the day of Petitioner's arrest. *Id.* at 38. The Magisterial District Judge set bail, which was subsequently reduced by the Montgomery County Court of Common Pleas (trial court). *Id.* at 82. On December 23, 2020, Petitioner reached his parole violation maximum date, and the Board cancelled its warrant. *Id.* at 39. On December 28, 2020, Petitioner posted bail. *Id.* at 94.

On August 8, 2022, Petitioner entered a guilty plea to two counts of manufacture, delivery, and possession with intent to manufacture or deliver a controlled substance (PWID). *Id.* at 85. On the date of his guilty plea, the trial court sentenced Petitioner to concurrent terms of time served to a maximum of 23 months of incarceration and to a term of 3 years of probation. *Id.* at 28.

The Board issued a Warrant to Commit and Detain Petitioner on September 9, 2022, and Petitioner returned to the Pennsylvania Department of Corrections' custody. *Id.* at 27. The Board held a revocation hearing on November 23, 2022, and on December 22, 2022, entered an order recommitting Petitioner to SCI-Frackville as a CPV because of his PWID convictions. The Board ordered Petitioner to serve

18 months of incarceration and determined his parole violation maximum sentence date to be November 19, 2025. *Id.* at 109-10.

Petitioner, through Counsel, filed an administrative appeal on January 4, 2023. *Id.* at 111. The Board entered its order denying Petitioner's request for relief and affirming its December 22, 2022 decision. *Id.* at 113-15. Petitioner now appeals to this Court.

In his Petition for Review, Petitioner asserts (1) the Board failed to award him credit for the time he served on the Board's warrant, and (2) the Board abused its discretion by failing to award him credit for the time served at liberty on parole. Petition for Review ¶¶ 5, 6. He requests this Court reverse the Board's order denying his administrative appeal. *Id.* at 2. On August 1, 2023, Counsel filed an Application to Withdraw and a *Turner* letter[1] (*Turner* Letter). On August 4, 2023, this Court ordered it would consider Counsel's Application to Withdraw along with the merits of the Petition for Review. This Court further advised Petitioner he may obtain substitute counsel or file a brief on his own behalf. To date, Petitioner has not filed a brief, and no counsel has entered an appearance on his behalf.

## II. *Turner* Letter and Application to Withdraw

Before we address the merits of the Petition for Review, we must first address Counsel's *Turner* Letter and Application to Withdraw. Where a petitioner seeks review of a Board determination, has no constitutional right to counsel, and counsel determines the case lacks merit, the Court will allow counsel to withdraw if we conclude the issues raised on appeal are meritless. *Zerby v. Shanon*, 964 A.2d 956,

---

[1] We use the term "*Turner* letter" in reference to our Supreme Court's decision in *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988), in which the Court set forth "the appropriate procedures for withdrawal of court-appointed counsel in collateral attacks on criminal convictions."

3

960-61 (Pa. Cmwlth. 2009) (relying on *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988)). To properly withdraw, appointed counsel must submit a *Turner* letter that "detail[s] the nature and extent of his review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless." *Turner*, 544 A.2d at 928. Where counsel satisfies the *Turner* requirements, we conduct an independent review of the issues raised and, if we agree with counsel's assessment, we may grant the petition or application to withdraw. *See Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996).

Here, Counsel's letter satisfies *Turner's* technical requirements. Counsel's letter contains a recitation of the relevant factual and procedural history and explains Counsel based his assessment on his "exhaustive examination of the certified record" and "research of applicable case law." *Turner* Letter at 9-10. Counsel provides the issues Petitioner raised in his Petition for Review are that the "Board failed to give hi[m] credit for all time served exclusively to its warrant" and the Board "abused its discretion by failing to give him credit for all time in good standing on parole." *Id*. at 1. Counsel states that after a review of the record and applicable law, he has "concluded that [Petitioner's] appeal from the revocation of his parole has no basis in law or in fact and is, therefore, frivolous." *Id*. at 10. Counsel verified he provided Petitioner a copy of the letter informing him of his right to retain new counsel and his right to file a pro se brief with this Court. *Id*. at 10. As noted above, Petitioner did not file a brief, and no counsel entered an appearance for him. Because Counsel satisfied *Turner's* technical requirements for withdrawal, we now review the merits of the Petition for Review.

4

## III.  Discussion

This Court reviews a decision of the Board denying a parolee's request for administrative relief to determine whether substantial evidence supports the Board's necessary findings of fact, whether the Board committed an error of law, and whether the Board violated a parolee's constitutional rights.  *McNally v. Pa. Bd. of Prob. & Parole*, 940 A.2d 1289 (Pa. Cmwlth. 2008).  When presented with a question of law, our standard of review is *de novo*, and our scope of review is plenary.  *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017).  In other words, in considering the proper meaning of a given rule of law on appeal, we do not defer to the Board's conclusions of law, and we review the entire record with a fresh pair of eyes.  Where the law grants the Board discretion, we also review for an abuse of that discretion.  *See id.* at 474.  An abuse of discretion occurs when "the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record."  *Id.* (quoting *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006)).

First, we address Petitioner's challenge to the Board's failure to award Petitioner credit for the time he served on the Board's warrant.  Where a parolee is held in custody solely because of a Board's detainer, and he has otherwise met the requirements for bail on the new criminal charges, the time spent in custody shall be credited against his original sentence.  *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980).  However, where a defendant "remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence."  *Id.*  Here, Petitioner did not post bail on his new charges until after the Board lifted its detainer on December 23, 2020.  Because Petitioner failed to satisfy his bail requirements,

any time he spent in custody before he posted bail shall be credited to his new sentence.

The trial court sentenced Petitioner on the new charges on August 8, 2022. On September 9, 2022, the Board issued its Warrant to Commit and Detain. *Id.* at 27. At that time, Petitioner became available to serve the backtime[2] owed on his original sentence. The amount of days from the date of his release on parole, October 2, 2017, to his original parole violation maximum date, December 22, 2020, is 1,177 days (3 years, 2 months, 20 days). Adding 1,177 days to his custody for return date of September 9, 2022, results in a correctly recalculated parole violation maximum sentence date of November 29, 2025. C.R. at 107. Therefore, the Board did not err in recalculating Petitioner's parole violation maximum date. Because Petitioner did not serve any time solely on the Board's warrant, he is not entitled to credit for time served on the Board's warrant.

Next, we address Petitioner's challenge to the Board's decision to deny him credit for time spent at liberty on parole. The Prisons and Parole Code (Parole Code)[3] provides if a parolee under the Board's jurisdiction who, during the period of parole, "commits a crime punishable by imprisonment, for which the offender is convicted or found guilty by a judge or jury or to which the offender pleads guilty or nolo contendere," the Board may, in its discretion, recommit the offender as a parole violator. 61 Pa.C.S. § 6138(a)(1). If the Board determines to recommit a

---

[2] Backtime is "that part of an *existing* judicially-imposed sentence which the Board directs a parolee to complete following a finding after a *civil* administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole." *Krantz v. Pa. Bd. of Prob. & Parole*, 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984).

[3] 61 Pa.C.S. §§ 101-7301.

6

parolee as a CPV, as it did with Petitioner, "the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole." *Id.* § 6138(a)(2). Paragraph 2.1 of Section 6138(a) sets forth that the Board "may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole." *Id.* § 6138(a)(2.1).[4]

In *Pittman*, our Supreme Court held that when the Board exercises its discretion under Section 6138(a)(2.1) of the Parole Code, "the Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." 159 A.3d at 474. *Pittman* requires the Board to articulate a reason for denying credit for time spent at liberty on parole because "an appellate court hearing the matter must have [a] method to assess the Board's exercise of discretion." *Id.* Accordingly, our task is to evaluate whether the Board abused its discretion by denying Petitioner credit for the time he spent at liberty on parole. This Court has explained, generally, the Board's reasons must be "accurate and related to the parolee's offenses." *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 650 (Pa. Cmwlth. 2018). Further, the Board's reasons must be "documented by the record." *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019).

Here, the Board considered Petitioner's new conviction as an offense "the same or similar to the original offense." C.R. at 110. (capitalization omitted). The Board also noted Petitioner's history of supervision failures. *Id.* The Board followed *Pittman* by supplying a rationale for its decision to deny Petitioner credit for time spent at liberty on parole. The Board's rationale was accurate, related to

---

[4] Paragraph 2.1 supplies three limitations to the Board's discretion, none of which apply here.

7

the offense, reasonable, and supported by the record. Accordingly, the Board did not abuse its discretion by denying Petitioner credit for time spent at liberty on parole.

**IV.    Conclusion**

Based on the foregoing, we conclude Counsel fulfilled the requirements of *Turner*, and our independent review confirms Petitioner's arguments are meritless. Accordingly, we grant Counsel's Application to Withdraw. Additionally, the Board appropriately applied the Parole Code and followed *Pittman* by supplying the requisite rationale for its decision to deny Petitioner credit for time spent at liberty on parole. Therefore, we conclude the Board did not commit an error of law or abuse its discretion, and we affirm the Board's Order.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yusef George,                 :
              Petitioner      :
                :
     v.                : No. 491 C.D. 2023
                :
Pennsylvania Parole Board,     :
            Respondent   :

# **O R D E R**

**AND NOW**, this 16th day of April 2024, the August 1, 2023 Application to Withdraw as Counsel filed by Kent D. Watkins, Esq. is **GRANTED,** and the April 21, 2023 order of the Pennsylvania Parole Board is **AFFIRMED**.

_____
STACY WALLACE, Judge